### HODGE v. TAYLOR.

No. 13229.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 4, 1935.

Rehearing Denied Nov. 1, 1935.

———◇———

See also (Tex. Civ. App.) 85 S.W.(2d) 799.

R. M. Rowland, of Fort Worth, for appellant.

J. Clark Taylor, Jr., of Columbia, Tenn., and Allen & Gambill, of Fort Worth, for appellee.

MARTIN, Justice.

We adopt, in substance, the appellant's statement of the case, as found in his brief, as follows:

Leonard Taylor, a resident of Tennessee, died in that state on October 6, 1929. At the time of his death he was the owner of real and personal property situated in Tennessee and real and personal property situated in Texas. After his death, a document was produced and filed for probate in Tennessee as his will. It was a typewritten paper, not dated, not signed, not witnessed, purporting to dispose of all his property, real and personal, wherever situated. There was a litigation in Tennessee as to the legal sufficiency of said paper as a will, which litigation terminated on June 29, 1932, in a judgment of the circuit court of Maury county, Tenn., establishing and probating the document as a will of personal property only. The effect of the judgment was to decree that Leonard Taylor died testate as to his personal property wherever situated and intestate as to his real property wherever situated. The language in the alleged will attempting to dispose of real estate was given no effect whatever.

J. C. Taylor, Sr., a resident of Tennessee, was named in the will as executor, and in pursuance of the aforesaid judgment of June 29, 1932, he duly qualified in Tennessee as the executor of the personal estate of the decedent.

In the meantime, C. T. Hodge, of Fort Worth, Tex., whose mother was a sister of Leonard Taylor, was, on April 19, 1930, appointed by the county court of Tarrant county, Tex., and duly qualified, as temporary administrator of the entire estate of Leonard Taylor situated in Texas, and on July 14, 1930, said Hodge was made permanent administrator of said entire estate, and he duly qualified as such. Such Texas administration by C. T. Hodge has continued ever since, and is still in force.

On October 24, 1933, four years and eighteen days after the death of Leonard Taylor and about one year and four months after the aforesaid probate decree in Tennessee, J. C. Taylor, Sr., filed an application in the county court of Tarrant county, Tex., for the probate of the alleged will, the removal of Hodge as administrator and the appointment of the applicant as executor.

In the county court of Tarrant county, C. T. Hodge, as administrator, C. T. Hodge, as one of the heirs of Leonard Taylor and other heirs, filed pleadings resisting said application of J. C. Taylor, Sr. The principal ground urged by Hodge, administrator, and others for refusing probate in Texas of the alleged will of Leonard Taylor and refusing letters testamentary to the applicant was that the application was filed too late, and it was the duty of the court to yield obedience to Texas Revised Statutes, 1925, art. 3326, which forbids the probating of a will in

this state after four years from the death of the testator.

The county court of Tarrant county denied the application of J. C. Taylor, Sr., in toto, and on appeal by said applicant the Sixty-Seventh district court rendered a judgment ordering the will probated as a will of personal property only, appointing J. C. Taylor, Sr., executor of the personal estate of Leonard Taylor in Texas, removing C. T. Hodge as administrator of such personal estate, ordering him to deliver such personal estate to said executor and leaving Hodge's administration of the real estate undisturbed.

In the county court and the district court the honesty and efficiency of Mr. Hodge's administration were not attacked or questioned in any way, and the action taken by the district court involved no reflection upon him, it being the view of that court that his removal as administrator of the personal estate was a necessary consequence of admitting the will to probate.

From said judgment of the district court, Hodge, administrator, has duly perfected his appeal to this court.

█ It appears from above statement that the question in this court is whether the proceeding to probate the will in Texas was barred by the four years' statute of limitation in force in this state. Under the "full faith and credit" clause of the National Constitution of course the judgment of the circuit court of Maury county, Tenn., must be given full force and effect here unless the proponent here was too late under Texas law. U. S. Const. art. 4, § 1.

Article 3326, R. S., provides that: "No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

Appellant takes the position that this statute applies to the probate of foreign wills as well as to those of persons domiciled at time of death in Texas.

Appellee takes the position that it only has reference to domestic wills and could not be applied to wills originally probated in a foreign state.

The obvious purpose of the statute, of course, was to provide a reasonable limit of time in which the property of a person dying testate should be distributed among his legatees, after payment of his debts, and also to give to all persons interested in his estate an early opportunity to contest the will by living witnesses. In the instant case such a contest was waged in a distant state from the time of Leonard Taylor's death, on October 6, 1929, until June 29, 1932, when the will was finally admitted to probate, so far as it had reference to personalty.

The limitation of four years was held by our Supreme Court in the case of Nelson v. Bridge, 98 Tex. 523, 86 S. W. 7, to apply to the probate of foreign wills as well as to those of persons in this state. In this case Justice Williams, answering the second of the two questions propounded by the Court of Civil Appeals, took occasion to construe the several articles of the Texas probate law, including articles 3325, 3326 and others. The final result of his construction, considering them together, was that the limitation was not jurisdictional, though applicable to out of state wills as well as to intrastate wills, but that the legislative intent was to form an orderly process by which the court should be governed in the ordinary case. In answer to the second question, he directly held that the probate of a foreign will in Texas, filed long after the expiration of the four years' period, was a valid judgment and not open to collateral attack. This decision was rendered under article 3325, R. S., as it then existed, reading at that time, in part, as follows: "All applications for the grant of letters testamentary or of administration upon an estate must be filed within four years after the death of the testator or intestate and not later."

In 1929, the Forty-First Legislature (chapter 132, § 1), by amendment (Vernon's Ann. Civ. St. art. 3325), cut out the words "and not later" and added the following proviso: "Provided that this Article shall not apply in any case where administration is necessary in order to receive or recover funds or other property due the estate of the decedent."

Appellant contends that the effect of this amendment is lost by the fact that the caption or title of the act indicates that the act was passed for the benefit of the estates of soldiers/ of the United States, when administration was necessary for the

recovery of claims against the general government. It is so stated in the title, but perhaps the Legislature rightly concluded that in order to relieve the heirs and legal representatives of deceased soldiers the enactment should go further and provide the same remedy for all persons similarly situated. A decision of this question not being necessary to our conclusion, we pretermit further discussion of it.

We pass to the consideration of article 3326, the provisions of which are invoked by appellant. It provides that "no will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying * * * was not in default in failing to present the same for probate within the four years." Here we have a question of fact, for the determination of the trial court. As stated heretofore, the probate of the will of Taylor was hotly contested in the Tennessee courts for years. While Taylor died October 6, 1929, the final judgment that admitted the instrument to probate was made on June 29, 1932. The judgment of the circuit court was certified back to the county court for observance, where letters were duly issued, and the executor (appellee) took charge of the personal estate as such without bond, under the terms of the will, approximately February, 1933. Then on October 24, 1933, appellee filed his original petition in the county court of Tarrant county, praying that said will be recognized by probate, and that he be awarded the custody of the estate as executor and trustee under the will.

The trial court, doubtless taking into consideration the "law's delays" incident to the adjudication of such matters in our own jurisdiction, reached the conclusion that appellee was not chargeable with "default" in not sooner coming into the courts of Texas with his unsigned will, only effective for any purpose in Texas because it was first probated in a state where such wills "in common form" may make disposition of personal property. We cannot say that his judgment that the proponent was not in default was without evidence to support it.

There remains to be discussed the question raised by appellant's second proposition (third assignment of error), to the effect that the court erred in ordering that letters testamentary as to the personal estate be issued to the appellee, citing the concluding clause of article 3326: "And in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

What force and what effect shall be given to this provision of the statute law as against the constitutional provision of "full faith and credit" to the judgment of a foreign state? A Tennessee court found the will subject to probate and recognized appellee, Taylor, as executor and trustee of all personal property of the deceased. He came to Texas and presented his credentials to the courts of this state more than four years after the death of the testator. The Texas court recognized his authority and admitted the will to probate, but is asked to refuse the grant of authority to act as executor and trustee under the will. Can it be said that the judgment of the dead man, appointing him executor, the judgment of the Tennessee court recognizing him as such and the "full faith and credit clause" of the American Constitution shall all yield to this isolated phrase in our statute law?

The executor has a most important trust to execute. He must pay off the legacies to the people who are named in the will as the recipients of the dead man's bounty. There are personal assets in both Tennessee and Texas to be applied to these purposes.

It is agreed that there were personal assets in the state of Texas at the time of Leonard Taylor's death belonging to his estate and that there are such assets now.

As was well said by Chief Justice Brown, of the Supreme Court, in the case of Journeay v. Shook, 105 Tex. 551, 152 S. W. 809, 812: "The man owned the property, and the law * * * accorded to him the right to direct its disposition after his death. No court has the authority to deprive his executrix of the trust confided to her." In that case, the Supreme Court ordered mandamus to compel the issuance of letters to the executrix named in the will.

In view of the express provisions of article 3365, Vernon's Ann. Civ. St., relating to the probate of foreign wills and the conflicts apparent, we are of the opinion that in the peculiar circumstances of this case the four years' limitation does

not apply, and that the judgment of the trial court should be and is therefore in all things affirmed.