**OWENS et al. v. FELTY et al.**

No. 2767.

Court of Civil Appeals of Texas.
Eastland.

Feb. 3, 1950.

Rehearing Denied March 3, 1950.

T. R. Odell, Haskell, Scarborough, Yates, Scarborough & Black, Abilene, for appellants.

M. F. Billingsley, Munday, for appellees.

COLLINGS, Justice.

This is a will contest. Annie A. Davy died in 1941, leaving a will in which her husband, R. B. Davy, was named executor and sole beneficiary and R. B. Davy died in 1948, not having offered the will of his wife for probate. On December 4, 1948, Mrs. Maggie Felty filed a petition in the County Court of Knox County offering such will for probate and it was, on December 20, 1949, by such court admitted to probate. Appeal was duly perfected to the District Court, and in such court J. K. Jackson and wife, Frankie Ann Jackson, joined Mrs. Maggie Felty as proponents of the will. A trial de novo was had and judgment entered sustaining the probate of the will, from which judgment this appeal is brought.

In several points, appellants insist that the court erred in admitting the will to probate because it is contended the pleadings and proof both showed that appellees were barred from probating the will by the provisions of Article 3326, R.C.S., which is as follows:

"No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to pre-

sent the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

The findings of fact, amply supported in the pleadings, made by the trial court as a part of its judgment, are, in substance, as follows:

"The court finds from the evidence, that Annie A. Davy departed this life on July 12, 1941, in Knox County, Texas, and left the will filed in this cause and duly executed with all the formalities to make the same a valid will. The Court further finds that R. B. Davy, Sr. was the surviving husband of Mrs. Annie A. Davy, deceased, and was the sole devisee in such will. That R. B. Davy, Sr., lived after her death until on or about November 26th, 1948, at which time he died in Knox County, Texas. That at the time of the death of the said Annie A. Davy, she owned a community interest in one-half of a stock of drugs and fixtures, that cost approximately $750.00, a few household goods and a Chevrolet car, that being all the property owned by her at the time of her death, and that the debts due would leave a very small net estate. The Court further finds that the will offered for probate was in the sole custody of R. B. Davy, Sr. in his safe and among his papers. That he was a man that usually kept his own counsel, did not discuss his business with any one, and that Mrs. Maggie Felty, his surviving daughter, did not know of the existence of said will until about November 28th or 29, 1948, when it was discovered among his papers in his safe. That no one else had access to said safe or said will. And that neither Mrs. Maggie Felty nor her husband had any knowledge of said will * * *. The Court further finds that J. K. Jackson, who had in 1947 purchased a one-half interest in said stock of drugs and fixtures, had no knowledge of said will, and knew that at the time of the death of Mrs. Annie A. Davy, she had no property of any amount, and except of a small value after the payment of community debts * * * that his rights, by reason of such purchase, have intervened, and by reason of the fact that he had no notice, that neither he nor his wife, Frankie Ann Jackson, were in default in not sooner presenting said will for probate; * * * that they likewise acquired from the said R. B. Davy, Sr. a lot as disclosed from deed offered in evidence, * * * and are entitled as a matter of law to have said will probated as a muniment of title. The Court further finds that all the property owned by R. B. Davy, Sr., other than a small community interest in said stock of drugs and fixtures, and household effects, was acquired by his own efforts after the death of Mrs. Annie A. Davy, deceased, and prior to his death on November 26, 1948. The Court further finds that the said R. B. Davy, Sr., after the death of his wife, and by his own efforts, acquired a considerable number of pieces of City property in the City of Munday, Texas, and sold a large number of them as disclosed by deeds offered in evidence, and that the owners of such property are entitled to have said will probated as a muniment of title. That none of such owners were in default, in the presentment of said will for probate, and are as a matter of law entitled to have the same probated as a muniment of title. The Court further finds all facts in support of the judgment herein rendered whether herein specifically set forth or not, and concludes as a matter of law that said will should be admitted to probate and record."

■ If an applicant is entitled to have a will probated under Article 3326, it is immaterial that other applicants may be disqualified, and the probate of the will at the insistence of the one entitled thereto inures to the benefit of all. Saint Mary's Orphan Asylum of Texas v. Masterson, 57 Tex.Civ.App. 646, 122 S.W. 587; Michaelis v. Nance et al., Tex.Civ.App., 184 S.W. 785.

■ The question of whether the proponent of a will is in default in not presenting the will within four years of the testator's death is ordinarily a fact question for the trial court. Eubanks et al. v. Jackson et al., Tex.Civ.App., 280 S.W. 243; Hodge v. Taylor, Tex.Civ.App., 87 S.W.2d 533.

The material evidence on the question of whether J. K. Jackson and wife, Frankie Ann Jackson, were in default in presenting the will for probate was the testimony of Jackson himself which in substance was as follows, Jackson testified that he purchased a one-half interest in the drug store operated by R. B. Davy and in substantiation thereof, produced the copy of an assumed name affidavit; that he and his wife also bought a town lot situated in the town of Munday from R. B. Davy without knowledge of any infirmity of title as to either the drug store or to the real estate purchased; that R. B. Davy kept all books and records of the store during the nearly two years of the partnership and had a locked box where he kept his papers and no one except Mr. Davy had access to them; Jackson testified that he never made any inquiry of Mr. Davy about any interest that Annie A. Davy might have had in the property; that when he bought the property he accepted it without inquiry or knowledge that she might have an interest therein; that he was present when the will of Annie A. Davy was discovered and that he had never seen or heard of the will prior to that time; that as soon as it was found it was duly offered for probate.

The pleadings and the evidence support the finding of the trial court that J. K. Jackson was not in default in presenting the will for probate. The contention of appellants that J. K. Jackson and his wife as purchasers from R. B. Davy more than four years after the death of Annie A. Davy, are in no better position than R. B. Davy himself would occupy, cannot, in our opinion, be sustained. Lutz v. Howard, Tex.Civ.App., 181 S.W.2d 869, and cases cited therein.

J. K. Jackson and his wife purchased from R. B. Davy an interest in the drug store which was held by Davy under the will and also purchased from him a city lot in the town of Munday and a valuable consideration was shown to have been paid therefor. Such sales by R. B. Davy passed the estate in the property conveyed and the subsequent probate of the will of Annie A. Davy gave validity to the conveyances, there being no innocent purchasers from any of the heirs. Lutz v. Howard, supra; Ryan v. Texas & P. R. Co., 64 Tex. 239; Ochoa v. Miller, 59 Tex. 460; March v. Huyter, 50 Tex. 243.

The judgment of the trial court is affirmed.