**WINKLER et al. v. CRAVEN et al.**

No. 3035.

Court of Civil Appeals of Texas. Waco.

June 26, 1952.

Rehearing Denied July 24, 1952.

W. L. Eason, Waco, for appellants.

Fitzpatrick & Dunnam, Waco, for appellees.

HALE, Justice.

This appeal involves a contested application to probate the will of J. B. Anderson, deceased, who died in McLennan County on April 21, 1926. By the terms of his will the testator bequeathed to his wife, Mattie Anderson, a life estate in and to all of his real property, with remainder to his children as therein specified, naming his wife and his oldest son, F. R. Anderson, as independent executors of the will without bond. On April 2, 1930, the named executors caused the will and their application for its probate to be filed in the County Court of McLennan County. Notice was timely issued on the application and the sheriff's return was duly made thereon but no further action was taken in the probate court relating thereto until after the death of each of the applicants. F. R. Anderson died in the year 1946 and Mattie Anderson died October 3, 1950. Thereafter, on April 16, 1951, appellees herein, being beneficiaries under the will and heirs at law of the deceased, filed in the probate court their suggestion of the death of the original proponents to probate the will and prayed that they be permitted to intervene as petitioners and proponents to admit the will to probate. Leave to do so having been granted by the probate court, appellees duly filed their plea in intervention and an amended application to

enter an order admitting the will of the deceased to probate.

J. B. Anderson, Jr. and Jimmie Lee Winkler, the latter being joined by her husband, as heirs at law of J. B. Anderson, deceased, and beneficiaries under his will, then filed a contest to the probate of the will of their deceased father upon the grounds, among others, that by reason of the death of the original applicants to probate the will the proceeding for the probate thereof had been abated and discontinued and since more than four years had elapsed after the death of the testator the application and plea in intervention should be dismissed and the will should not be admitted to probate at this late date under the circumstances therein shown.

The case was tried in the probate court and upon appeal from the judgment there rendered it was tried again de novo in the District Court without a jury, where the trial resulted in judgment admitting the will to probate as a muniment of title. In his extensive findings of fact and conclusions of law, the trial court found that the original application for the probate of the will signed by the applicants "was prepared for them by the Hon. R. V. McClain, Clerk of the District Courts of McLennan County, as an accommodation to them; that the said R. V. McClain and the said Mattie Anderson and F. R. Anderson believed that said will was probated, and the said F. R. Anderson and Mattie Anderson, immediately after the filing of the same for probate, took possession of the property of the estate and administered the same until their respective deaths, in the manner provided by law, believing that the same was in fact probated; and it is shown by the evidence that the said F. R. Anderson after the filing of said will for probate represented to some of the petitioners herein that the will had been probated, and the court finds that the said F. R. Anderson and Mattie Anderson in good faith believed that the same had been probated, and that neither of them ever intended to abandon said application and that neither of them was in default in respect thereto." The court further found that none of the appellees was negligent or in default in failing to apply for the probate of the will sooner than they did because each believed in good faith and with just cause for such belief that the will had been probated until they discovered the contrary after the death of Mattie Anderson.

Although appellants present fifteen so-called "points" covering more than four pages in their brief, together with fifteen additional "propositions" set forth at intervals throughout the brief, it appears to us that all of their contentions are aptly summarized in the following sentence contained in their statement as to the nature of the case, viz: "The contestants contend that by reason of the long delay, the entire proceeding should be dismissed and the will denied probate." By various points, propositions and arguments they say in effect that the trial court erred in finding and concluding that neither of the original applicants to probate the will nor any of the appellees herein was in default in failing to have the will admitted to probate within four years after the death of the testator and that the court should have dismissed the proceeding or should have entered an order denying the application.

■ There was no substantial conflict in the evidence. The proof showed that the deceased was married twice, that appellees herein are his lineal descendants by his first wife and that J. B. Anderson Jr. and appellant, Mrs. Jimmie Winkler, are his children by his second wife, Mattie Anderson. The original applicants relied upon Mr. McClain, who was not a practicing lawyer, to assist them in having the will admitted to probate. The evidence shows that the applicants thought the matter had been concluded and that the will had been probated. The proof also showed that Mattie Anderson, so long as she lived, held possession of the real estate bequeathed to her for life by the terms of the will of her deceased husband, that she and F. R. Anderson administered his estate as if the will had been probated and that F. R. Anderson told some of his brothers and sisters that the will had been probated. While reasonable minds might differ in concluding from the evidence as a whole as to whether or not Mattie Anderson and F. R. Anderson failed to

exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances to have the will formally admitted to probate in conformity with the requirements of law, we do not think reasonable minds could differ in concluding that appellees were not negligent in failing to act in that regard sooner than they did. In any event, we are of the opinion that the evidence as a whole was amply sufficient to sustain the findings of fact made by the trial court as above set forth.

Art. 3326 of Vernon's Tex.Civ.Stats., relating to the period of limitation within which wills may be admitted to probate, reads as follows: "No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

In the case of Eubanks v. Jackson, Tex.Civ.App., 280 S.W. 243, er. ref., this court, in applying the provisions of the above statute, expressly held that the district court, upon a trial de novo after appeal from the county court, was authorized to admit a will to probate after the lapse of four years from the death of the testator on proof that the party applying for such probate was not in default in failing to present the will for probate until more than twenty years after the death of the testator, and that the issue as to whether an applicant is in default in failing to propound a will for probate within four years after the death of the testator is usually a fact issue for the determination of the trial court or jury, as issuable facts are determined in other cases. The evidentiary facts in that case are very similar to the evidence and the controlling facts disclosed by the record now before us in the pending case. Under the law as announced and applied in that case we cannot say the trial court erred in admitting the will of J. B. Anderson to probate in this cause.

See also: House v. House, Tex.Civ.App., 222 S.W. 322, er. dis.; Armstrong v. Carter, Tex.Civ.App., 291 S.W. 626; Hodge v. Taylor, Tex.Civ.App., 87 S.W.2d 533, er. dis.; Lutz v. Howard, Tex.Civ.App., 181 S.W.2d 869; Owens v. Felty, Tex.Civ. App., 227 S.W.2d 379, er. ref.

Finding no reversible error in the record, all of appellants' points, propositions and arguments are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.