SOUTHLAND LIFE INSURANCE COMPANY, Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 16390.

Court of Civil Appeals of Texas.

Fort Worth.

March 8, 1963.

Rehearing Denied April 12, 1963.

Bart Hopkins, Galveston, R. L. Dillard, Jr., D. D. Crawford, Dee Brown Walker, and Curtis White, Dallas, for appellant.

McLeod, Mills, Shirley & Alexander, and V. W. McLeod, Galveston, for appellee.

RENFRO, Justice.

This is an appeal from a judgment which denied Southland Life Insurance Company subrogation to the rights of W. K. Brown against The Aetna Casualty and Surety Company for payment of medical expenses by Southland for Brown.

Brown was an employee of Union Carbide. He was insured by Southland for major medical benefits under a group contract for non-occupational injuries. Aetna carried Union Carbide's Workmen's Compensation Insurance.

While both policies were in effect Brown filed with Carbide a statement of claim. In the statement Brown merely stated the claim was for "self". He did not answer the question whether the illness or injury resulted from employment. The statement of the attending physician, in the middle of the same statement of claim form, answered the question, "Is disability due to injury or sickness arising out of patient's employment?", "Yes." The statement of Carbide, on the bottom of said form, answered "No" to the question, "Did illness or injury result from employment?"

Brown's claim was presented to Southland and beginning December 2, 1958, and for a period of several months thereafter, Southland paid reasonable and necessary medical and hospital bills for Brown in the amount of $2,224.12.

On October 27, 1958, Brown reported to Carbide that he had been injured on the job on October 6, 1958.

On April 6, 1959, Brown filed notice of injury and claim for compensation with the Industrial Accident Board. The claim was denied. On July 29, 1959, he filed suit in a district court of Galveston County to set aside the award and prayed for judgment based upon total and permanent incapacity by reason of an injury sustained while in the course of employment.

Aetna, at all times, denied payment of any amount to Brown upon its contention that Brown was not injured in the course of employment.

Southland made no claim before the Industrial Accident Board for reimbursement of medical expenses paid by it.

On June 7, 1960, however, Southland intervened in Brown's compensation suit, claiming to be subrogated to the rights of Brown for medical expenses theretofore paid by Southland.

On August 10, 1961, Aetna and Brown reached a compromise settlement which was approved in an interlocutory judgment whereby Aetna paid Brown $8,000 in full settlement of Brown's claim. The judgment recited that Brown claimed to have been injured as the result of an accident while working for Carbide, but that the occurrence was denied by Aetna.

Thereafter, Southland's intervention against Aetna was tried. A jury was empaneled but upon agreement of the parties the jury was discharged and all matters of fact were decided by the judge.

The judgment, in short form, decreed that Southland take nothing by reason of its intervention.

Southland on appeal attacks the presumed finding that Brown was not injured in the course of his employment as being without support in the evidence, and as against the great weight and preponderance of the evidence.

Brown's deposition was taken while he was plaintiff in the compensation suit against Aetna and almost a year before he and Aetna settled said suit. The deposition was introduced by Southland in its intervention action against Aetna. He testified: At the time of injury he was super-

intendent of files for Carbide on a salary of $485.00 per month; while moving a box from the hallway into his office he suddenly felt "this pain in my back and down my left leg"; this occurred about 9:00 A.M. on October 6, 1958; he was just pushing the box down the hall; he continued to work and did not report the injury until he went to the company doctor on October 27; he had a previous disc operation, performed by Dr. Stephens, in 1953.

Dr. Stephens, Brown's personal physician, called by Southland, testified: He operated on Brown December 10, 1958, for a ruptured disc; one of the first aging processes is the fact discs start to disintegrate and it is quite common, after a person reaches his forties, for degenerating or aging process to occur in disc substances; often a person will have a ruptured disc without having any strain; the disc has degenerated and gone out into the spine or spinal cord causing pain; even a cough or sneeze can cause it to become apparent; and so can even a minor exercise such as picking up a golf tee—that would not be the cause, but would be the first time it became apparent to a person; he operated on Brown for disc in 1952 or 1953; if the first rupture came about without any particular incident it would be an indication that as far back as 1953 the discs in Brown's back had become quite degenerated.

■ No findings of fact were requested or filed; therefore we presume the court found every material fact in favor of the judgment, and the evidence will be viewed in the light most favorable to the judgment. Higginbotham v. Bagley, Tex.Civ.App., 346 S.W.2d 142.

■ As trier of the facts the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony.

■ The court was not bound by testimony of any one witness but could accept all, part, or none thereof, or he could ac-cept part of the testimony of one witness and part of another, or draw his own deductions from all the evidence.

At the time Brown gave his deposition he was an interested witness, so interested indeed that he was a plaintiff in the suit claiming total and permanent disability.

■ As a general rule evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of facts. Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640.

■ We recognize the exception that where uncontradicted testimony of an interested witness is clear and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect *may* be given thereto. McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722.

■ An issue relating to credibility of a witness, however, is presented when testimony comes from an interested party and is of such nature that it cannot be readily contradicted if untrue. James T. Taylor & Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371.

■ A study of Brown's testimony as a whole leads to the necessary conclusion that his testimony must be governed by the general rule as stated in the Owen and Taylor cases.

■ An appellate court will not disturb the findings of the trial court if there is some evidence of probative value to support same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705.

■ No doubt the evidence would have supported a finding that Brown was injured in the course of his employment, but, in

our opinion, the evidence was not such as to compel such a finding. We hold that the evidence, as a whole, is of sufficient probative force to support the implied finding that Brown was not injured in the course of his employment and that such finding is not contrary to the overwhelming weight and preponderance of the evidence.

The points of error are overruled.

Since Southland's policy did not provide for subrogation and it had no contract providing for subrogation, the finding that Brown was not injured in the course of his employment is, in our opinion, determinative of the appeal and the judgment should be affirmed. If Brown was not injured in the course of employment, and the burden was on Southland to prove he was, then Southland paid to Brown merely what its policy required it to pay. Southland contends, however, that the payment of $8,000 to Brown through the interlocutory judgment was an admission by Aetna of its liability to Southland.

The interlocutory judgment recited in part: "* * * that W. K. Brown claimed to have been injured as the result of an accident while working for Union Carbide Corporation * * *, the occurrence of the accident being denied by The Aetna Casualty and Surety Company" and "nothing herein shall be construed as an admission by The Aetna Casualty and Surety Company that it owes any sum or sums to Southland Life Insurance Company * * *."

The compromise judgment with Brown was not an adjudication either for or against Aetna or Southland in so far as the suit by Southland against Aetna was concerned. Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969; Lowry v. Anderson-Berney Bldg. Co., 139 Tex. 29, 161 S.W.2d 459.

All points of error are overruled, and the judgment of the trial court is affirmed.

Affirmed.