Jack DOUGLAS, Appellant,

v.

Charles J. VAUGHN, Appellee.

No. 7722.

Court of Civil Appeals of Texas.

Amarillo.

May 29, 1967.

Albert Smith, Lubbock, for appellant.

Splawn & Maner and Geo. H. Nelson, Lubbock, for appellee.

CHAPMAN, Justice.

This is a venue case involving an automobile-pedestrian collision tried to the court. Suit was filed in Lubbock County, where the collision occurred, by Charles J. Vaughn of Lubbock County, against Jack Douglas of Lamb County and Paymaster Oil Mill Company, a corporation which has its principal office in Lubbock County. Appellant, Douglas, filed his plea of privilege to be sued in the county of his residence, alleging no exception to exclusive venue to be sued in the county of his residence exists.

Plaintiff-appellee, Charles J. Vaughn, controverted, alleging defendant was negligent in failing to keep a proper lookout; in driving his vehicle at an excessive rate of speed in the light of attending circumstances; in failing to apply his brakes in an effort to avoid the collision in question; in failing to keep the vehicle he was driving under proper control; in failing to turn his vehicle to the left in an effort to avoid the collision; and "* * * that any one or all of the aforementioned acts were a proximate cause of the injuries suffered by the plaintiff." Exceptions 9a and 29a of Article 1995 were pleaded as grounds for retaining venue in Lubbock County. We will be concerned here with only the former.

Under Exception 9a, to sustain venue in the county where the collision occurred, it was necessary for appellee to prove by a preponderance of the evidence [1] that an act or omission of negligence occurred in said county; that such act or omission was that of the defendant in person, or that of his servant, agent or representative acting within the scope of his employment; and that such negligence was a proximate cause of appellee's injuries. Section 9a, Subsections 1, 2 and 3 of Article 1995, V.T.C.S.; Watkins v. Goolsby, supra; Cooper & Woodruff, Inc. v. Saucedo, supra; John F. Buckner & Sons v. Allen, 272 S.W.2d 929 (Tex.Civ.App.—Austin, 1954, writ dism'd).

■ The only point of error raised in this case is a "no evidence" point to the effect that appellee failed to prove that appellant was negligent and that such negligence was a proximate cause of appellee's injuries. By such point we are "* * * required to follow the rule, which, in effect, says:

'If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party and in-

---

1. First paragraph, Section 9a, Article 1995, Vernon's Ann.Tex.Civ.St., Watkins v. Goolsby, 337 S.W.2d 363 (Tex.Civ. App.—Eastland, 1960, no writ); Cooper & Woodruff, Inc. v. Saucedo, 363 S.W.2d 902 (Tex.Civ.App.—Amarillo, 1962, no writ).

dulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding.'" Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

■■ No findings of fact or conclusions of law were filed by or required of the trial judge. Such being the situation, our Supreme Court in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1951) has held:

"The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

■ Neither Renfro Drug Co. v. Lewis, supra, nor the cases it cited on the point under discussion are venue cases but our Supreme Court in discussing the law where "no evidence" points are raised has held: "The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case." Banks v. Collins, supra.

Following these well-established guidelines, we must now look to the evidence favorable to appellee, discarding all adverse evidence, and indulging every reasonable conclusion favorable to appellee.

At about midnight, November 4, 1964, appellee was "driving around" in Lubbock when he ran out of gas "about Frankford and Fourth, somewhere along there" while traveling west. He got out on the pavement about two feet from the north side " * * * and started trying to flag somebody down." After trying to flag down

three or four cars he saw a vehicle about a hundred to a hundred and fifty yards away coming from the east at " * * * the speed limit or there abouts" with its lights on dim. He did not see any car going east. He stood and waved his arms from the time he saw it. The vehicle did not slow down and did not apply its brakes. The last thing he remembered was the vehicle coming up real fast. He started to run north and that was the last thing he remembered until he was waking up and a nurse in the hospital was giving him a shot.

At the time just related his car with the lights on was about fifty yards east of him parked four feet to the north, off the pavement and facing west.

It later developed that the vehicle which hit him was a 1961 Chevrolet pickup being driven by appellant, Douglas.

The deposition testimony of Mr. Douglas shows there was a second car parked to the north of the pavement with no lights on about a hundred feet east of appellee's car and headed east. Mr. Douglas says he hit appellant while in about the center of the right-hand lane with the left side of his hood while appellant was staggering across the highway from south to north. He says he could see him only fifty to sixty feet away and that he was in about the center of the right-hand lane when he discovered him.

It is without question in the record that appellee was out in front of the lights of his car, since it was to the east of him. Appellant says a car was coming facing him with the lights on, so that made three sets of lights that would have been shining toward appellee when he was on the highway. The trial court could have impliedly found from such testimony that appellant was not keeping a proper lookout or he would have seen appellee, whatever part of the north lane he was in, with automobile lights shining toward him from both directions; that he failed to apply his brakes in an effort to

avoid the collision; and that such failure and/or failures was a proximate cause of appellee's injuries.

With the knowledge of two cars parked off the pavement to his right and another car coming toward him from his left, there is also evidence from which the trial court could have impliedly found that appellant was driving at an excessive rate of speed in the light of attending circumstances, and that such was a proximate cause of the injuries to appellee.

Appellant says in his deposition that appellee was moving toward the north from about the center of the north lane of a four-lane highway and that he cut to his right, the direction appellee was moving. The reason advanced for doing so was that he would have been headed for a head-on with the approaching car if he had turned to the left to avoid the pedestrian. Yet, he had an entire lane to his left free of either vehicular or pedestrian traffic he could have driven in and avoided hitting appellee. The trial court could have impliedly found negligence and proximate cause in failing to turn to the left in order to avoid the collision.

Under the conditions described the trial court was not bound by appellant's testimony that he could see appellee only fifty to sixty feet away, even though he had on dark colored clothes, and it is certainly reasonable that the trial court could have impliedly found that appellant could have steered his vehicle from one lane to another in sixty feet unless he was traveling at an excessive speed under the circumstances.

■ The trial court as the trier of the facts was the judge of the credibility of the witnesses and the weight to be given to their testimony. Jess Edwards, Inc. v. Foley, 321 S.W.2d 328 (Tex.Civ.App.—Waco, 1959, no writ); Denton v. Bennett, 364 S.W.2d 857 (Tex.Civ.App.—Fort Worth, 1963, writ ref'd n. r. e.); Southland Life Ins. Co. v. Aetna Casualty & Surety Co., 366 S.W.2d

245 (Tex.Civ.App.—Fort Worth, 1963, writ ref'd n. r. e.).

■ "The court was not bound by testimony of any one witness but could accept all, part or none thereof, or he could accept part of the testimony of one witness and part of another, or draw his own deductions from all the evidence." Denton v. Bennett, supra.

■ "As a general rule evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of facts." Southland Life Ins. Co. v. Aetna Casualty & Surety Co., supra.

■ An exception is stated in McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722, 728 (1943) as follows:

"Where the testimony of an interested witness is uncontradicted, is clear and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect may be given thereto. Trinity Gravel Co. v. Cranke, Tex.Com.App., 282 S.W. 798, loc. cit. 801; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958, loc. cit. 961. The applicable rule is further strengthened where the testimony of the interested witness is, as in this case, corroborated by other witnesses and the opposite party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so. Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 350, 114 S.W.2d 226, 136 S.W.2d 207."

Such exceptions do not exist in our case.

■ Without question there is evidence from which a trier of the facts might find appellee's action was negligence and a proximate cause of the collision, but we are not concerned with contributory negligence on the venue question, which is a matter to be properly considered in a trial on the merits. John F. Buckner & Sons v. Allen, su-

pra; Allen M. Campbell, Gen. Contractors, Inc. v. McDonald, 347 S.W.2d 781 (Tex. Civ.App.—Beaumont, 1961, no writ); Perry Construction Company v. Watkins, 367 S. W.2d 913 (Tex.Civ.App.—Waco, 1963, no writ).

The judgment of the trial court denying the plea of privilege is affirmed.