**Frances Marion FARR, Appellant,**

v.

**Odus BELL, Jr., et al., Appellees.**

**No. 17512.**

Court of Civil Appeals of Texas, Dallas.

Nov. 13, 1970.

Rehearing Denied Dec. 4, 1970.

---

Edmund R. Wood, Chancellor & Wood, Dallas, for appellant.

Charles E. Schuerenberg, Leake, Schuerenberg & Shahan, Mesquite, for appellees.

BATEMAN, Justice.

The appellant Frances Marion Farr, individually and as administratrix of the estate of Joseph E. Farr, deceased, offered for probate an instrument purporting to be the last will of Manda O. Bell, deceased, and now appeals from the order denying probate.

The handwritten will in question was dated May 29, 1964. Mrs. Bell died on February 13, 1965. Under the terms of the will Mrs. Bell left all of her property to her two surviving children, Myrtle Puckett and Marcus E. Bell. These two beneficiaries, claiming ownership by virtue of the said unprobated will, sold their mother's home to Joseph E. Farr on December 26, 1968. Joseph E. Farr died on February 12, 1969, just prior to the lapse of four years after the death of Manda O. Bell. On March 26, 1969, one month and thirteen days after the death of Mr. Farr, the appellant offered Mrs. Bell's said will for probate, alleging that it was necessary to probate it in order to complete her chain of title to the said property.

The contestants were Odus Bell, Jr. and Mary Helen Austin, the children of Odus Bell, a son of Manda O. Bell who predeceased her. The district court, hearing the case *de novo* on appeal from the probate court, and sitting without a jury, denied probate and, at appellant's request, filed findings of fact and conclusions of law. Appellant presents six points of error on appeal, the last two of which will be first discussed.

Appellees had pled that the instrument offered for probate "should not be admitted to probate and is not the will of the said Manda O. Bell, deceased," and the trial court's fifth finding of fact is:

"That the evidence adduced before the Court is not sufficient to prove that the instrument filed by the Proponent

as the purported Last Will and Testament of Manda O. Bell was in fact the last will of the said Manda O. Bell, deceased."

In her fifth and sixth points of error appellant asserts that the trial court erred and abused its discretion in making the said finding, and in refusing to make requested additional findings to the contrary, because the will and "all of the requisite elements thereof" were proved by the testimony of disinterested witnesses, and appellees offered no testimony to the contrary.

The proof required of an applicant for the probate of a will is set forth in Section 88 of the Probate Code, V.A.T.S., the pertinent parts of which are as follows:

"(a) *General Proof.* Whenever an applicant seeks to probate a will or to obtain issuance of letters testamentary or of administration, he must first prove to the satisfaction of the court:

"(1) That the person is dead, and that four years have not elapsed since his decease and prior to the application;

\* \* \* \* \* \*

"(b) *Additional Proof for Probate of Will.* To obtain probate of a will, the applicant must also prove to the satisfaction of the court:

\* \* \* \* \* \*

"(2) If the will is not self-proved as provided by this Code, that testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will; and

"(3) That such will was not revoked by the testator."

Obviously, four years had elapsed since Mrs. Bell's death and prior to the application. Her contention that this limitation did not apply to her is presented under other points of error in her brief, and will be discussed later in this opinion.

She offered no direct testimony that the will had not been revoked, but it is settled law in Texas that once it is proved that a will is otherwise valid and has been executed with the formalities and solemnities and under the circumstances required to make it a valid will, a rebuttable presumption of continuity of the will is recognized and it is not necessary for the proponent to produce direct evidence of nonrevocation in the absence of evidence casting suspicion on its being the testator's last will, or tending to destroy the presumption. McElroy v. Phink, 97 Tex. 147, 76 S.W. 753 (1903); Venner v. Layton, 244 S.W.2d 852, 856 (Tex.Civ.App., Dallas 1951, writ ref'd n. r. e.); Wilson v. Paulus, 15 S.W.2d 571, 573 (Tex.Comm'n App. 1929, holding approved); Womack v. Woodson, 169 S.W.2d 786, 788 (Tex.Civ. App., Beaumont 1943, writ ref'd); May v. Brown, 144 Tex. 350, 190 S.W.2d 715, 165 A.L.R. 1180 (1945); Usher v. Gwynn, 375 S.W.2d 564 (Tex.Civ.App., San Antonio 1964, affirmed 384 S.W.2d 696).

However, the trial court held and found that the evidence was insufficient to prove that the instrument in question was in fact the last will of Manda O. Bell, deceased. Unless that finding can be overturned, the questions relating to the four year limitation period and the matter of revocation are immaterial and the judgment must be affirmed.

The trial court was the trier of the facts and was the sole judge of the credibility of the witnesses and the weight to be given their testimony, not being bound by the testimony of any one witness, but being entitled to accept all, part, or none thereof, or he could accept part of the testimony of one witness and part of another, or draw his own deductions from all the evidence. Southland Life Ins. Co. v. Aetna Casualty & Surety Co., 366 S.W. 2d 245, 248 (Tex.Civ.App., Fort Worth 1963, writ ref'd n. r. e.); Broden v. Broden, 330 S.W.2d 674, 676 (Tex.Civ. App., San Antonio 1959, writ dism'd);

Douglas v. Vaughn, 416 S.W.2d 438, 441 (Tex.Civ.App., Amarillo 1967, no writ).

It cannot be said that appellant's evidence on the point was so conclusive and positive as to require its acceptance by the trial court. The instrument in question purported to be the holographic will of Mrs. Bell, making it incumbent upon appellant to prove that Mrs. Bell wrote the entire will in her own handwriting. Section 84(b), Probate Code, V.A.T.S. Appellant produced three witnesses to prove this essential fact; one merely testified that she was the notary public who saw Mrs. Bell *sign* the will and that she "notarized" such signature; the other two testified that they were familiar with Mrs. Bell's handwriting and that the will was in her handwriting. No witness testified to seeing Mrs. Bell write the will. The testimony of the latter two witnesses, therefore, was opinion evidence and was adequate only to raise the fact issue as to whether Mrs. Bell actually wrote the will in her handwriting. Hood v. Texas Indem. Ins. Co., 146 Tex. 522, 209 S.W.2d 345, 346 (1948); Board of Firemen's Relief & Retirement F. Tr. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 185 (1951). As indicated above, the trial court had the right to disbelieve this testimony and to hold, as it did, that the evidence was insufficient to prove that the instrument in question was Mrs. Bell's last will.

Appellant argues that the trial court abused its discretion in refusing to believe the said testimony. The only case cited in support of that argument is Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156 (1950), but that case merely holds that where the trial court, sitting without a jury, renders a judgment against the appellant, and the record contains a statement of facts, the findings of fact are not conclusive on appeal, and that it was proper for the court of civil appeals to consider the appellant's points of error asserting that the evidence was insufficient to support the judgment. Even though the

findings of fact are not conclusive on appeal, we have no authority under the facts of this case to hold that the trial court should have believed the witnesses whose testimony it saw fit not to believe.

Therefore, it is our holding that there is nothing in the record to justify us in setting aside the trial court's said finding. The fifth and sixth points of error are overruled. Although this conclusion demands the affirmance of the judgment, we shall nevertheless mention briefly appellant's other points and our views thereon.

Section 73, Probate Code, V.A.T.S., provides in part that no will shall be admitted to probate more than four years after the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four year period. Appellees pled this limitation in their contest. Appellant's points of error Nos. 3 and 4 complain that the trial court erred in holding that she was in default in not presenting the will for probate within four years after the death of the testatrix, inasmuch as she offered the will for probate as soon as she acquired knowledge and possession of it.

In her attempt to avoid the effect of the said limitation statute, appellant testified that she had no knowledge of the will and did not come into possession of it until the day she applied for its probate and, therefore, was not in default. She thus sought to bring the case within the line of decisions holding that the question of whether the proponent of a will is in default, as that term is used in Section 73, is usually a fact question for the determination of the court or jury, and that the facts may support a trial court's finding that the proponent was not in default, even though the application for probate was filed long after the expiration of the four year period. Typical of such cases are Eubanks v. Jackson, 280 S.W. 243, 244 (Tex.Civ.App., Waco 1926, writ ref'd); Owens v. Felty, 227 S.W.2d 379, 380 (Tex.Civ.App., Eastland 1950, writ ref'd); Winkler v. Craven, 250 S.W.2d 300, 302 (Tex.Civ.App., Waco 1952, writ ref'd); and Hodge v. Taylor, 87 S.W.2d 533 (Tex.Civ.App., Fort Worth 1935, writ dism'd).

However, the only evidence she offered in this connection was her own uncorroborated testimony. Being that of an interested party, it merely raised an issue of fact and could not be said to require a finding of no default. The trial court had a right to disbelieve the testimony and to find, as it did in Finding of Fact No. 7, that appellant was in default. Southland Life Ins. Co. v. Aetna Casualty & Surety Co., supra; Broden v. Broden, supra; Douglas v. Vaughn, supra.

Appellant also argues that since she was not acting as a devisee under Mrs. Bell's will, but was merely trying to probate it as a muniment of title to her property, as a matter of law she was not in default and hence not barred. She relies on the line of cases holding that a purchaser from a devisee under the will of another is entitled to have that will probated as an essential link or muniment of his title, even though the devisee or other predecessor in title may have been in default, and that only the default of the one applying for probate of the will is in issue. Some of such cases are: Ochoa v. Miller, 59 Tex. 460 (1883); Ryan v. Texas & Pacific R. R. Co., 64 Tex. 239 (1885); St. Mary's Orphan Asylum v. Masterson, 57 Tex.Civ.App. 646, 122 S.W. 587 (San Antonio 1909, writ ref'd); Howley v. Sweeney, 288 S.W. 602 (Tex.Civ.App., El Paso 1926, no writ); Lutz v. Howard, 181 S.W.2d 869 (Tex. Civ.App., Eastland 1944, no writ); Owens v. Felty, 227 S.W.2d 379 (Tex.Civ.App., Eastland 1950, writ ref'd); Fortinberry v. Fortinberry, 326 S.W.2d 717 (Tex.Civ. App., Waco 1959, writ ref'd n. r. e.).

**436**

However, in the case before us the trial court found as a fact that the proponent herself was in default and since this part of her case was supported only by her own testimony, the trial court had a right to make the said finding and we have no right to disturb the same.

The third and fourth points of error are therefore overruled.

In points of error Nos. 1 and 2 appellant complains of the error of the trial court in holding that appellant was in default in not applying for probate within the four year period because the limitation of Section 73, Probate Code, was tolled or suspended by Article 5538, Vernon's Ann.Civ. St., which is as follows:

"In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification. Id. P.D. 4606."

When Mr. Farr died there was but one day left until the expiration of four years after Mrs. Bell's death. If Article 5538 applies to this situation so as to suspend the running of limitation until appellant qualified as administratrix, then she would have to offer the will for probate within one day after she so qualified. The record is silent as to the date of her qualification, except to say that she was so qualified when she filed the will for probate.

 Limitation being an affirmative defense, the burden of establishing it was upon appellees. Clark v. Hiles, 67 Tex. 141, 2 S.W. 356 (1886). But did this include the burden of also proving that the running of limitation was not suspended by a statute which was not even pled by appellant? We think not. When it appeared from the undisputed evidence that the application was filed after the expiration of the four year period, and after the qualification of appellant as administratrix, this in our opinion was sufficient to entitle appellees "to a ruling that the opponent shall lose if he fails to come forward with evidence." McCormick & Ray, Texas Law of Evidence, § 47; Solis v. Martinez, 264 S.W.2d 956 (Tex.Civ.App., San Antonio 1954, writ dism'd); Texas & Pacific Ry. Co. v. Moore, 329 S.W.2d 293 (Tex.Civ.App., El Paso 1959, writ ref'd n. r. e.). Therefore, we hold that if appellant desired to avoid the bar of limitation it was incumbent on her to come forward with evidence to bring herself within the terms of the tolling statute. Accordingly the first and second points of error are overruled.

Affirmed.