In re The ESTATE OF Lois Bascom ROBERTS, Deceased.

No. 04-81-00429-CV.

Court of Appeals of Texas, San Antonio.

Sept. 21, 1983.

David L. Clarkson, San Antonio, for appellant.

J. Anthony Guajardo, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and CANTU, JJ.

## OPINION

CANTU, Justice.

Appeal is taken from an order denying probate following a contest of a purported holographic will. Lois Bascom Roberts died on December 16, 1980, and appellant, William Lois Roberts, a son of the decedent, filed an application for probate of the will in question seeking issuance of letters of administration.

On April 13, 1981, at the hearing on appellant's application for probate of the tendered will, appellees Margery M. Roberts, the alleged common law surviving spouse of the decedent and Roy Gene Roberts one of the decedent's sons, voiced oral opposition to the offer for probate of the will sponsored by appellant. The trial court on its own initiative reset the hearing to a later date, presumably to afford appellees an opportunity to comply with requirements of a written opposition. See TEX.PROB.CODE ANN. § 10 (Vernon 1980).

On April 14, 1981, appellant filed his Motion to Bar Oral Contest and Subsequent Written Contest to Application for Letters of Administration with Will Annexed. A setting on this motion was obtained and the matter was heard on April 22, 1981.

On April 22, 1981, appellees filed their written motion contesting the will sought to be probated by appellant. Appellant's motion to bar oral contest, etc. was overruled by the trial court and the will contest was set for hearing on the merits on the non jury docket on May 7, 1981. The record, however, indicates that the will contest was not heard until July 1, 1981 at the termination of which the trial court entered its order denying probate of the will because

appellant failed to prove the will was valid as a holographic will. *See* TEX.PROB. CODE ANN. §§ 60, 84(b) and 88(b)(1) (Vernon 1980). Appellant brings forth three points of error.

In his first point of error appellant contends that the trial court erred in overruling his Motion to Bar Oral Contest and Subsequent Written Contest to the application.

 Appellant argues that the court's action in resetting the hearing was a violation of Section 10 of the Probate Code which requires that opposition to the probate of a will be in writing. Essentially appellant alleges that the trial court abused its discretion in granting appellees a continuance which allowed them time to file a written contest as required by law. Although appellant alleges that the trial court's action was to his detriment, we are not informed what detrimental effect he has suffered. We fail to see how appellant has been prejudiced in the presentation of his case or how the granting of a continuance amounted to an abuse of the trial court's discretion. *Cf. Matagorda Canal Co. v. Styles,* 207 S.W. 562, 565 (Tex.Civ.App.—Galveston 1918, no writ); *Hunt v. Hunt,* 196 S.W. 967, 968 (Tex.Civ.App.—Fort Worth 1917, no writ). Point of error number one is overruled.

Appellant's point of error number two states:

> The trial court erred in denying probate of the purported will because review of the evidence reveals that the findings of the court in support thereof are so contrary to the overwhelming weight and preponderance of the evidence as to indicate that it is in fact the product of corruption, passion, and prejudice, and that it is so wrong as to be unconscionable.

An examination of the argument offered in support of this contention reveals that appellant's dissatisfaction is aimed at the trial court's findings of fact and conclusions of law, the contention being that they are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust. In addition, the conclusions of law are alleged to be the product of corruption, passion and prejudice and so wrong as to be unconscionable.[1]

The trial court's findings of fact recite:

*Findings of Fact:*

1. That the witnesses, Ben Macias, and Ruby Lightfoot, failed to identify the handwriting in the will to be that of Lois Bascom Roberts.

2. That the handwriting proported [sic] to be that of Lois Bascom Roberts was written at two (2) different intervals and that the proponent of the will failed to identify the complete writing that is proported [sic] to be the Holographic Will of Lois Bascom Roberts.

3. That the instrument proported [sic] to be the Holographic Will of Lois Bascom Roberts failed to completely describe the property mentioned therein and failed to describe clearly the location of where the land is situated and is therefore ambiguous and incomplete.

4. The proponent of the will failed to show that at the time of the execution of the will, Lois Bascom Roberts was of sound mind.

*Conclusions of Law:*

1. The Court having found the facts as stated above, concludes as a matter of law that the proponent failed to meet the provisions of the Probate Code pertaining to Holographic Wills as stated in Sections 60, 84(b), and Section 88(b)(1). Therefore said instrument presented herein by the proponent, William Lois Roberts, proporting [sic] to be the Will of Lois Bascom Roberts, Deceased, is set aside and the probate of same is denied.

The instrument in question recites:

1. We are not informed in appellant's brief as to how the court's findings and conclusions are the product of corruption, passion and prejudice as to render them unconscionable. We deem this allegation as unnecessary to a factu- al sufficiency challenge of the evidence and accordingly we will consider this portion as mere surplusage and not in compliance with TEX.R.CIV.P. 418(d).

April 21/1977

When I die this property goes to William Lois and his wife Betty Roberts.

Lois B. Roberts
24995H281S

The following handwritten portion appears below the body of the instrument and directly to the left of the signature:

the South 161.5 feet of tract 14 Halliday Acres Subdivision

Then follows a typewritten acknowledgment:

STATE OF TEXAS

COUNTY OF BEXAR

Subscribed and acknowledged before me this date by Lois B. Roberts.

Dated this 21st day of April, A.D. 1977.

Ruby J. Lightfoot

NOTARY PUBLIC IN AND FOR BEXAR COUNTY, BEXAS [sic]

Comm. Expires 6–1–77

(SEAL)

TEX.PROB.CODE ANN. § 59 (Vernon 1980) provides in pertinent part:

Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator . . .

TEX.PROB.CODE ANN. § 84(b) (Vernon 1980) provides:

Holographic Will. If not self-proved as provided in this Code, a will wholly in the handwriting of the testator may be proved by two witnesses to his handwriting, which evidence may be by sworn testimony or affidavit taken in open court, or, if such witnesses are nonresidents of the county or are residents who are unable to attend court, by deposition, either written or oral, taken in the same manner and under the same rules as deposition taken in other civil actions.

The law is well settled in this State that the one offering a holographic instrument for probate must establish that it is wholly in the handwriting of the testator, and that this burden may be met by evidence of two witnesses to the handwriting of the testator; and the testimony of one witness is not sufficient. *Gunn v. Phillips,* 410 S.W.2d 202, 205 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

In view of appellant's factual sufficiency challenge we review the entire record which contains a statement of facts of the hearing comprised of a mere twenty-one pages. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant's proof consisted of testimony of two witnesses, Benjamin Macias, a loan officer for the Harlandale Bank of Commerce in San Antonio, and Ruby Jeannette Lightfoot, an assistant vice president and secretary to the president of the same bank.

Macias testified that as a loan officer assigned to handle decedent's account he was acquainted with decedent's handwriting. He then read and identified the main body of the purported will as having been written by decedent. On cross-examination when asked about the additional writing containing the property description he stated that there was a slight difference between the two handwritings on the instrument and that he could not be positive that both writings were by the same person.

Lightfoot testified that she knew decedent as a bank customer for several years and had been the notary that acknowledged the purported will. When asked about the handwritten portion containing the property description she could not recall if that was on the instrument when she took the acknowledgment. From her entire testimony it is apparent that her knowledge of decedent's handwriting was gathered from documents representing decedent's bank records since she admitted that she had no direct dealings with decedent other than an occasional need to notarize some instrument for him. She did not testify to ever having witnessed the decedent write anything other than perhaps his signature.

It cannot be said that both of appellant's witnesses conclusively established that the entire instrument was wholly written by the decedent so as to preclude a negative ruling by the trial court.

■ Because neither Macias nor Lightfoot could testify that they saw the decedent write the entire instrument in his own handwriting their testimony was, therefore, opinion evidence sufficient in itself to raise a fact issue for the finder of fact but not conclusively establishing proof. *Cf. Farr v. Bell,* 460 S.W.2d 431, 434 (Tex.Civ.App.— Dallas 1970, writ ref'd n.r.e.).

The matter was tried to the court and the court was, therefore, the trier of the facts and the sole judge of the credibility of the witnesses and the weight to be given their testimony. As such it was not bound by the testimony of any one witness and was entitled to accept all, part, or none thereof, or it could accept part of the testimony of one witness and part of another, or draw its own deductions from all the evidence. *Farr v. Bell, supra; Broden v. Broden,* 330 S.W.2d 674, 676 (Tex.Civ.App.—San Antonio 1959, writ dism'd).

■ We believe the trial court was within its legal authority to reject the testimony of either Macias or Lightfoot, or both and to enter the order it entered holding that the proffered instrument was not the holographic will of Lois Bascom Roberts.

Appellant relies on *Seydler v. Baumgarten,* 294 S.W.2d 467, 473 (Tex.Civ.App.— Galveston 1956, writ ref'd n.r.e.) for the proposition that a trial court is bound to accept as true the testimony of a disinterested witness where not contradicted and the same is clear, direct, positive and free from contradictions, inaccuracies and circumstances tending to cast suspicion upon it. *See also Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942).

We do not believe that the testimony of the two witnesses sponsored by appellant can be catagorized as being free from contradiction and inaccuracies or that it was clear, direct and positive. The rule relied upon by appellant is not applicable to the facts of this case.

In the same point of error appellant complains of the trial court's findings with regard to the failure of the instrument to contain a legal description of the property sought to be devised and the failure to show that at the time of the execution of the purported will the decedent was of sound mind.

■ We believe the evidence supports the trial court's findings in both particulars, however, inasmuch as we have sustained other findings of the trial court which preclude the probate of the proffered instrument as a holographic will we deem it unnecessary to detail the reasons why the instrument further fails to qualify for probate. We hold the evidence sufficient to support the findings of the trial court, and overrule appellant's first two points of error.

By his point of error three, appellant contends that the trial court erred in overruling his motion for new trial because newly discovered evidence would probably have changed the verdict on another trial or would have at least served justice better by giving the court the benefit of the evidence.

Appellant argues that subsequent to the will contest his counsel discovered that the decedent suffered from a nervous condition which arguably could have affected decedent's penmanship. It is urged that had his *counsel* known of the nervous condition prior to trial a handwriting expert would have been utilized by appellant to facilitate proof of the alleged holographic will.

Appellant's motion for new trial alleges that the evidence sought to be offered was unknown to appellant's counsel until after the judgment was rendered by the court. The testimony labelled newly discovered evidence was known to the appellant's wife for fully three years prior to decedent's death.

It is not claimed that appellant was unaware of this testimony, only that his lawyer was unaware of it.

**182**

The determination of a motion for new trial based upon newly discovered evidence requires the trial court to follow certain well established guidelines. In order to require the granting of a new trial on the ground of newly discovered evidence, the following indispensable elements must be present, viz: (1) admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon; (2) the party seeking a new trial must show that she had no notice of the existence of such evidence prior to the time of trial; (3) that due diligence had been used to procure the evidence prior to trial; (4) that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary; and (5) the evidence would probably produce a different result if a new trial were granted. *Fettig v. Fettig,* 619 S.W.2d 262, 267 (Tex.Civ.App.—Tyler 1981, no writ); *In re Y,* 516 S.W.2d 199, 205–6 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

The motion for new trial filed by appellant and supported by a single affidavit fails to meet the requirements enumerated above. The fact that appellant's attorney was unaware of the evidence now labelled newly discovered is insufficient to satisfy the requirement that the party have no notice of the existence of the newly discovered evidence relied upon.

The affidavit of appellant's wife attached to the motion alleges:

> I provided care and assisted Lois Bascom Roberts for three (3) years while he resided in my home. During this time, I administered his medication and took him to the Audie Murphy Hospital for emergency treatment and check ups for his nervous condition acquired during his military service for which he received a 100% disability.

It does not appear that appellant was unaware of the knowledge possessed by his wife or that he could not, through the use of reasonable diligence, discover the information now claimed to be critical.

We observe that appellant's wife does not claim to have personal knowledge of decedent's handwriting and we, thus, fail to perceive how this additional information, even if it were newly discovered, could have affected the trial court's decision. The fact that decedent required medication for a nervous condition does not mandate the conclusion that decedent's handwriting was affected thereby in the absence of some testimony to that effect. Nor are we convinced that the testimony of Macias and Lightfoot would have been elevated beyond that of opinion evidence by the testimony sought to be admitted at the motion for new trial hearing so as to require a different result upon a new trial. We find no abuse of the court's discretion in overruling appellant's motion for new trial based upon the alleged newly discovered evidence. Appellant's third point of error is overruled.

The judgment is affirmed.