# NO. 12-09-00210-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE ESTATE OF EVERETT H. ROTHROCK, DECEASED* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT AT LAW OF* |
|  | § | *CHEROKEE COUNTY, TEXAS* |

*OPINION*

Jerry E. Rothrock appeals the trial court's order denying his application to probate his father's will as a muniment of title. In one issue, Jerry contends the trial court erred in determining that he was in default for failing to probate his father's will within the statutory period. We affirm.

## BACKGROUND

In 1986, Everett H. Rothrock, Jerry's father, signed a will appointing Jerry as the independent executor of the will and naming him as the sole beneficiary of the estate. Everett died on June 5, 1994. In September 2008, Jerry was notified by an oil and gas landman that Everett owned mineral interests in Cherokee County, Texas. On October 6, 2008, Jerry filed an application to probate Everett's will as a muniment of title. Jerry's five siblings opposed the application.

At a hearing on the application, Jerry testified that he and his five siblings agreed they did not want to probate Everett's will. He stated that he requested two cameras, which were the only property he wanted from Everett's estate. None of his siblings objected. Jerry testified that, in gathering Everett's assets between 1985 and 1986, he investigated whether Everett owned any land. According to Jerry, Everett told him that he had sold all of the real property he had received from his parents and that he did not have any real property left. Jerry stated that Everett never talked about any mineral interests. Jerry's grandmother told him that she had given all her real property to her sons, Everett and his brother, and that "she was convinced" her sons had lost all their real property. After Everett died, Everett's brother told Jerry that he and Everett had received a

substantial amount of real property from their parents and that both of them had sold it or "gotten rid of it in some way."

Jerry also testified that he "was a very successful lawyer in Washington, D.C." and that about half of his practice dealt with oil and gas law. He testified that he was not licensed to practice law in Texas. On cross examination, Jerry admitted that, at the time of his father's death, he knew there could be separate ownership of the surface and mineral estates in Texas. At the conclusion of the hearing, the trial court denied Jerry's application to probate Everett's will as a muniment of title, stating that by filing the application thirteen years after Everett's death, he was in default under section 73 of the Texas Probate Code. Jerry timely filed this appeal.

## DEFAULT UNDER SECTION 73 OF THE TEXAS PROBATE CODE

In his sole issue, Jerry argues that the trial court erred in determining that he was in default under section 73 of the Texas Probate Code by not filing his application to probate Everett's will as a muniment of title within four years of Everett's death.

## Standard of Review

Whether the proponent of a will is in default in not presenting the will within four years of the testator's death is ordinarily a fact question for the trial court. *Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.–Dallas 2003, pet. denied). When findings of fact are neither filed nor requested following a bench trial, it is implied that the trial court made all findings necessary to support its judgment, provided that (1) the necessary findings are raised by the pleadings and supported by the evidence, and (2) the decision can be sustained by any reasonable theory consistent with the evidence and applicable law. *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 636 (Tex. App.–Tyler 2004, no pet.). The trial court's findings of fact, express or implied, after a bench trial are reviewable for legal and factual sufficiency by the same standards applied in reviewing the evidence supporting a jury's answer. *Id.*

When the party who had the burden of proof on an issue complains about the trial court's refusal to find a fact in a "contrary to the great weight and preponderance of the evidence" issue, i.e., asserts that the court's refusal to find the fact is contrary to the evidence, we must overrule the complaint unless, considering all the evidence, the refusal is contrary to the great weight and preponderance of the evidence. *Id.* at 637. Where enough evidence is before the trial court so that reasonable minds could differ on the

meaning of the evidence, or the inferences and conclusions to be drawn from the evidence, we may not substitute our judgment for that of the trial court. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 558 (Tex. App.–Tyler 2007, pet. denied).

<u>**Applicable Law**</u>

Section 73(a) of the Texas Probate Code states as follows:

(a) No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator.

TEX. PROB. CODE ANN. § 73(a) (Vernon 2003). One purpose of the statute is to impose a reasonable limit on the time in which the property of a person dying testate should be distributed among his legatees, after payment of his debts. *Hodge v. Taylor*, 87 S.W.2d 533, 535 (Tex. Civ. App.–Fort Worth 1935, writ dism'd). The statute also gives all persons interested in the testator's estate an early opportunity to contest the will by living witnesses. *Id*. Further, the policy of the law is to enforce the timely probate of wills. *St. Mary's Orphan Asylum of Tex. v. Masterson*, 57 Tex. Civ. App. 646, 654, 122 S.W. 587, 591 (Tex. Civ. App.–San Antonio 1909, writ ref'd). A person having custody of a will is charged with knowledge that it must be filed for probate within the statutory period in order to rely on it, whether the necessity for doing so is apparent to him or not. *See id.*, 57 Tex. Civ. App. at 655, 122 S.W. at 591. Unexpected events often happen and a person's present conclusions may be wrong. *Id*. By complying with the requirements of the statute, a person is afforded a way, and the only way, to foreclose all contingencies; choosing not to resort to it amounts to willful neglect. *Id.*

It cannot be said that one who has custody of a will, and refrains for the statutory period from presenting it for probate for mere personal considerations or under the assumption that his title to property is safe without it, is not in default under this statute. *Id.*, 57 Tex. Civ. App. at 654-55, 122 S.W.at 591. Default means "a failure due to the absence of reasonable diligence on the part of the party offering the instrument." *Brown v. Byrd*, 512 S.W.2d 753, 755 (Tex. Civ. App.–Tyler 1974, no writ). The burden is upon the proponent of a will to show that he was not in default by not presenting a will for probate within the proper time. *Brown v. Byrd*, 512 S.W.2d 758, 760 (Tex. Civ. App.–Tyler 1974, no writ). Family agreements to not to probate a will about which they had

3

knowledge are not sufficient to excuse noncompliance with the four year limitation of the probate code. *See In re Estate of Cornes*, 175 S.W.3d 491, 496 (Tex. App.-Beaumont 2005, no pet.).

<u>Analysis</u>

Section 73 of the Texas Probate Code allows the probate of a will as a muniment of title after four years if it is shown that the proponent of the will was not in default in failing to present it for probate within four years. Because Jerry filed the application to probate Everett's will, he had the burden of showing an excuse to justify his failure to timely probate the will. *See id*. at 495. Jerry argues that he showed reasonable diligence. Further, he contends that he was not in default based upon a mistake of fact that Everett did not own any mineral interests.

The evidence shows that Jerry and his siblings agreed not to probate Everett's will. Jerry requested, and received, two cameras, the only property he wanted from Everett's estate. A family agreement is not sufficient to excuse Jerry's noncompliance with the four year limitation. *See In re Estate of Cornes*, 175 S.W.3d at 496. In other words, Jerry cannot rely on the agreement with his five siblings as an excuse for noncompliance with the statutory period and for making what was, in hindsight, the wrong decision. *Id*. Jerry testified that Everett stated he did not own any real property, that his grandmother was "convinced" Everett lost all his real property, and that Everett's brother stated that both of them had sold or "gotten rid of" all their real property. Although these statements may have persuaded Jerry that there was no reason to probate Everett's will, it does not provide a legal excuse for his failure to do so. *See Masterson*, 57 Tex. Civ. App. at 654-55, 122 S.W. at 591. Therefore, considering all the evidence regarding Jerry's informal investigation into whether Everett owned property, we cannot say that the trial court's refusal to find that Jerry showed reasonable diligence was contrary to the great weight and preponderance of the evidence. *Santa Fe Petroleum, L.L.C.*, 156 S.W.3d at 637; *Brown*, 512 S.W.2d at 755.

Jerry contends, however, that the facts in this case are "almost identical" to those in *Kamoos v. Woodward*, 570 S.W.2d 6 (Tex. Civ. App.–San Antonio 1978, writ ref'd n.r.e.). In *Kamoos*, the trial court determined that an impoverished widow was not in default even though she waited five years to probate her deceased husband's will. *Kamoos*, 570 S.W.2d at 8-9. The widow did not know her deceased husband was heir to a royalty interest, and her financial condition was poor. *Id.* She had limited resources,

4

and she had not worked steadily since her husband's death. *Id.* at 9. Because of her limited resources and the nature of the property of which she was aware (principally a mobile home and two cars, having a gross value of $4,000), she did not think it necessary to probate the will. *Id.* at 8-9. Further, the widow immediately offered the will for probate when she became aware of the royalty interest. *Id.* at 9. The court of appeals concluded that there was sufficient evidence to support the trial court's holding that the widow was not in default. *Id.* However, *Kamoos* is distinguishable because Jerry did not lack financial resources to probate the will.

Moreover, having been a successful attorney with an oil and gas practice, Jerry should have known that unexpected events often happen in life. *See Masterson*, 57 Tex. Civ. App. at 655, 122 S.W. at 591. To foreclose any unexpected contingencies, a will must be probated within the statutory period whether the necessity for doing so is apparent or not. *Id.* Because Jerry did not probate Everett's will within four years after his death, relied upon a family agreement, and failed to show reasonable diligence, the evidence is factually sufficient to support the trial court's finding that Jerry was in default. The trial court did not err in denying Jerry's application to probate Everett's will as a muniment of title. *See* Tex. Prob. Code Ann. § 73(a); *Brown*, 512 S.W.2d at 760. Accordingly, Jerry's sole issue is overruled.

## DISPOSITION

Having overruled Jerry's sole issue, we affirm the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 5, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)