ACCEPTED
12-15-00246-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/25/2015 12:25:03 PM
Pam Estes
CLERK

DOCKET NO. 12-15-00246-CV

IN THE

TWELFTH COURT OF APPEALS

at Tyler

-------------

FILED

12/2/2015

Twelfth Court of Appeals
Pam Estes
Clerk

In the Matter of the Estate of Willie Sue Hammack, Deceased

-------------

LARRY GENE MARSH, BILLIE MARIE BUCKLEY, DEBORAH SUE STUART, AND

TERRY LYN MARSH

Appellant

V.

ESTATE OF WILLIE SUE HAMMACK BY MORRISON HAMMACK, JR.

Appellees

-------------

Appealed from the County Court at Law
of Nacogdoches County, Texas
-------------

APPELLANT'S BRIEF

Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile: (903) 657-3545
E-Mail: mintonbrown@suddenlinkmail.com

ATTORNEY FOR APPELLANT

APPELLANT'S NOT REQUESTING ORAL ARGUMENT

## IDENTITY OF PARTIES & COUNSEL

**Appellant:**

Estate of Willie Sue Hammack by Morrison Hammack, Jr.

**Counsel for Appellant:**

*Trial and Appellate Counsel*:
Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile: (903) 657-3545
E-Mail: mintonbrown@suddenlinkmail.com

**Appellees:**

Larry Gene Marsh, Billie Marie Buckley, Deborah Sue Stuart, and Terry Lyn Marsh

**Counsel for Appellees:**

*Trial and Appellate Counsel*:
Mr. Christopher C. Hughes
Fairchild, Price, Haley & Smith, L.L.P.
1801 North Street
P.O. Box Drawer 631668
Nacogdoches, Texas 75963
Telephone: (936)569-2327
Facsimile: (936)569-7932
E-Mail: chughes@fairchildlawfirm.com

**Presiding Judge:**

The Honorable Jack Sinz

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL…………………………………………..….….…i

TABLE OF CONTENTS……………………………………………………………..….…..ii

INDEX OF AUTHORITIES………………………………………………………...…iii

STATEMENT OF THE CASE…………………………………………………………...iv

ORDER FROM WHICH RELIEF IS SOUGHT…………………………………………iv

ISSUES PRESENTED……………………………………………………………...…..v

STATEMENT OF FACTS……………………………………………………….…2

SUMMARY OF ARGUMENT…………………………………………………………...4

ARGUMENT & AUTHORITIES…………………………………………………...…..5

     A.     Combined Issues…………………………………………………………5

CONCLUSION……………………………………………………………….……12

PRAYER………………………………………………………………………...13

CERTIFICATE OF SERVICE…………………………………………………………..13

CERTIFICATE OF COMPLIANCE……………………...…………………………..14

# INDEX OF AUTHORITIES

CASES                                                                                    PAGE(S)

Brown V. Byrd, 512 SW2d 753—(Ct. Appls-Tyler-1974)……………………….………………..10

In Re Estate of Campbell, 343 SW3d 889—(Ct. Appls-Amarillo-2011)…………………..…..9

In the Estate of Ruby Fowler Cornes, 175 SW3d 491—(Ct. Appls-Beaumont-2005)…………..10

Orr V. Walker, 438 SW3d 766—(Ct. Appls-Houston-2014)…………………………………10

Estate of Everett h. Rothrock Deceased, *312 S.W.3d 271* —(Ct. Appls-Tyler-2010)……………8

Schindler V. Schindler, 119 SW3d 923—(Ct. Appls-Dallas-2003)………………………….…9, 10

Estate of Cordelia Williams, Deceased, 111 SW3d 259—(Ct. Appls-Texarkana-2003)……..…11

## STATEMENT OF THE CASE

This is an Appeal from the Order Admitting Will to Probate as Muniment of Title, entered by the County Court at Law of Nacogdoches County, Texas, of a Will filed eight (8) years after the date of death of the Testatrix.

Contestants contend that the evidence was factually and legally insufficient to support the Judgment of the Court, finding "no fault" on the part of Applicant, and that such will should have been denied probate.

## ORDER FROM WHICH RELIEF IS SOUGHT

The Order of the Court Admitting Will to Probate as Muniment of Title, (CR-56), finding that Applicant was not in default for failing to present the will for probate within four (4) years of the date of death of Decedent, (CR-56).

## ISSUES PRESENTED FOR REVIEW

1.     The evidence supporting the Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four (4) years of the date of death of Decedent was factually insufficient, (CR-56, CR 74-75).

2.     The trial Court's finding that Applicant was not in default for failing to present the will for probate within four (4) years of the date of Decedent's death was so against the great weight and preponderance of the evidence as to be manifestly unjust, (CR-56, CR 74-75).

3.     The evidence supporting the Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four (4) years of the date of death of Decedent was legally insufficient, (CR-56, CR 74-75).

DOCKET NO. 12-15-00246-CV

IN THE

TWELFTH COURT OF APPEALS

at Tyler

-------------

In the Matter of the Estate of Willie Sue Hammack, Deceased

-------------

LARRY GENE MARSH, BILLIE MARIE BUCKLEY, DEBORAH SUE STUART, AND

TERRY LYN MARSH

Appellant

V.

ESTATE OF WILLIE SUE HAMMACK BY MORRISON HAMMACK, JR.

Appellees

-------------

Appealed from the County Court at Law
of Nacogdoches County, Texas

-------------

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Appellant's appeal from the Trial Court's Order Admitting Will to Probate as Muniment of Title entered on the 25th day of June, 2015. The Decree should be reversed.

1

## STATEMENT OF FACTS

This is an Appeal from Order Admitting Will to Probate as Muniment of Title. (CR-56) Willie Sue Hammack passed away on July 2, 2006 in Nacogdoches County, Texas, leaving a last will and testament dated April 2, 1986. On July 17, 2014, Morrison Hammack, Jr., her husband, filed an application to probate Will as a Muniment of Title, and the parties contestant, being Larry Gene Marsh, Billie Marie Buckley, Deborah Sue Stuart and Terry Lyn Marsh filed their contest to such will (CR-26), based on the grounds that the will should not be admitted to probate since it was past the statute of limitations for filing a will for probate and admitting same. Mr. Morrison Hammack. Jr. knew of the will and its existence at the time of his wife's death, and stated in deposition that he knew the contents of the will and how it left the property.

Mr. Hammack failed to probate such will within four (4) years of death of Willie Sue Hammack, Deceased, and did not file same or attempt to probate same until July 17, 2014, (CR 8-11).

This case turns upon the sufficiency of evidence, and whether or not same is sufficient to support the findings of the Court in its findings of its conclusion of law, and its finding in its Order Admitting Will to Probate, (CR-56). It is a contention of contestants that Applicant is at fault for failing to present the will of Willie Sue Hammack for probate within four (4) years after the date of her death, as such limitations are set out in Section 256.003, Texas Estates Code, in that Applicant had possession of the will from and after the date of death of Willie Sue Hammack on July 2, 2006, and did not present the same for probate until the filing of an Application to Probate, filed on July 17, 2014, in Nacogdoches County, Texas. Further, that the evidence conclusively shows that Mr. Hammack was in possession of property of the estate sufficient to

2

pay any cost of probate, which would enable him to be able to employ council to probate said last will and testament prior to the expiration of the four (4) year limitation contained in Section 256.003, Texas Estates Code, and that Mr. Morrison Hammack, Jr., is at fault for failing to probate said will within such four (4) year period of limitations, and that his actions in failing to do are not excused.

The Trial Court entered Order Admitting Will to Probate on June 25, 2015, finding that Morrison Hammack, Jr., Applicant, was not in default for failing to present the will for probate within four (4) years of the death of Decedent, (CR-56).

The Request for finding of Facts and Conclusions of Law were filed by Contestants on July 8, 2015, (CR-63).

The Notice of Past Due Findings of Facts and Conclusion of Law were filed on July 30, 2015, (CR-69).

The Contestants Request for Additional time to file Findings of Facts and Conclusion of Law was filed on July 31, 2015, (CR-71).

The Order of Finding Facts and Conclusion of Law was filed September 3, 2015, (CR-74).

The Denial of Additional Findings of Facts and Conclusion of Law was filed September 3, 2015, (CR-76).

The Notice of Appeal was filed September 22, 2015, (CR-77).

# SUMMARY OF ARGUMENT

The evidence shows that Morrison Hammack, Jr., knew of the terms contained in the Last Will and Testament of Willie Sue Hammack, Deceased; of the admonition of action in a probate Court as contained in said will; that he did not seek nor rely upon the advice or opinions of others as to the time in which to, nor the necessity of, probating said will; that he relied upon his own knowledge, or the lack thereof, concerning the necessity of probate and the time limit in which to do same.

The evidences show that there was significant value of assets in the Estate of Willie Sue Hammack, Deceased with which to pay for the costs of probate of her Last Will and Testament.

The Court erred in finding "no fault" on the part of Applicant, Morrison hammock, Jr., and in admitting said will to probate as a muniment of title.

<u>**ARGUMENTS AND AUTHORITIES**</u>

The issues presented for review can all be covered by argument and authorities at one time, avoiding the multiplicity and duplication of authorities, which pertain to the same subject. The issues restated are as follows:

A.    The evidence supporting the Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four (4) years of the date of death of Decedent was factually insufficient, (CR-56, CR 74-75).

B.    The trial Court's finding that Applicant was not in default for failing to present the will for probate within four (4) years of the date of Decedent's death was so against the great weight and preponderance of the evidence, (CR-56, CR 74-75).

C    The evidence supporting the Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four (4) years of the date of death of Decedent was legally insufficient, (CR-56, CR 74-75).

**I.**

The legislature of the State of Texas spent time and the equivalent of time in money, not only in the past, in passing the Texas Probate Code, but in formulating the Texas Estates Code. Section 251.001 of the Texas Estates Code provides that a person must be over 18 years of age, or married or has been married, or a member of the U. S. Armed Forces or an auxiliary of same, in order to execute a valid will; Section 251.051 that provides that the will must be in writing; Section 256.001 that provides that the provisions and terms of a will will not be effective until the will is admitted to probate; and Section 256.003 provides that the will shall not be admitted to probate, if not filed for probate within four (4) years after the date of death of the maker of the will. It would be inconceivable to believe that the State Legislature of the State of Texas spent

5

time and money in order to pass such provisions, along with other provisions of the Texas Estates Code, unless the intent was that we would abide by same. Further, it would be inconceivable to believe that just "any excuse" would be allowed, so that such provisions would be nullified.

It is the contention of the Appellants that the evidence presented in the case, in trial Court, was insufficient to support the finding of the Trial Court that Mr. Morrison Hammack, Jr., was not in default for failing to apply for probate of the Last Will and Testament of Willie Sue Hammack, Deceased, within four (4) years of her death.

Mr. Morrison Hammack, Jr., the Applicant for probate, did not appear at the hearing on the Application to Probate Will as a Muniment of Title (RR-5, RR-6).

The issues are whether or not Mr. Hammack is at fault for failing to probate the Last Will and Testament of his wife, Willie Sue Hammack, within four years after her death.

In the situation we have at hand, Mr. Hammack did not consult an attorney, did not consult any beauty shop, barber shop, or domino hall lawyers, or apparently by his testimony the advice of anyone else, relating to the probate of the Last Will and Testament. We do not know what he assumed. It should be pointed out that Mr. Hammack did not appear in Court to be questioned on this matter.

Mr. Morrison Hammack, Jr., filed for probate the Last Will and Testament of Willie Sue Hammack, his wife, on July 17, 2014, even though the said Willie Sue Hammack had passed away of July 2, 2006, in Nacogdoches County, Texas. Mr. Hammack, by way of deposition, gave evidence that he didn't discuss the passage of the property under the will with anyone, (RR-16, 17, 30), and that he didn't know to probate said last will and testament, (RR-15). Mr. Hammack stated that he understood that property passes on death, (RR-16), to someone by the terms of the

6

will, and that he knew about the will at the time of her death, (RR-11, 17). Mr. Hammack further stated that he didn't discuss the need to probate the will, (RR-18), with anyone, shortly after her death, or with an attorney, until approximately one (1) month before the filing of the will for probate, (RR-18). Mr. Hammack further testified that he had property transferred out of her name before her death, (RR-18), and that the papers were prepared by an attorney.

Mr. Hammack testified through deposition that he didn't have the money to file the will for probate, (RR-12), but yet he testified that there was money in account in the bank, (RR-20), but he didn't know how much. There was no testimony that there was not sufficient money in the account to pay for probate. This evidence begs the question: How did he know what the cost of probate might be, unless he consulted someone? It would appear that the testimony on this point, from the stand point of Mr. Morrison Hammack, Jr., was misrepresentative of the facts. Mr. Hammack further testified that he knew about the property owned by himself and his wife, as well as property that she owned as separate property, (RR-26, 27, 29).

Evelyn Louise Kelly, the daughter of Mr. Morrison Hammack, Jr., was sworn in as a witness and testified that in her estimation the estate was in access of $125,000.00 at the date of the death of Willie Sue Hammack, (RR-34, 35), and testified further as to those assets, in a general since, being land and house, an automobile, and a pick-up truck, (RR-37). She further testified that under Power of Attorney that she sold the 1998 Honda Civic Automobile that they owned at her death, in April, 2014, for $3,000.00, (RR-38, 39) (RR-Exhibit C-2), this information presents the obvious conclusion that the community one-half (1/2) of the Estate of Morrison Hammack, Jr., and Willie Sue Hammack was more than sufficient to pay for the expenses of administration, which is classified as a second degree claim under Section 355.102 (2) of the Texas Estates Code.

Mr. Terry Marsh was called as a witness and testified that he had observed information at the house that Mr. and Mrs. Hammack relating to an account of hers that showed a balance of over $36,000.00, (RR-47), and that Mr. Hammack's account in his name showed a balance in access of $20,000.00, (RR-47).

Since these parties were husband and wife, it will be presumed under the law that these bank accounts were community property accounts, that the automobile, the truck, and the land and house, were all community property, and according to the provision of the Texas Estates Code, Section 355.102 (2), the expenses of administration are a second degree priority claim against the assets of said Estate. One-half (1/2) of the value of the truck, or One-half (1/2) of the value of the automobile (which sold 8 years later for $3,000.00, (RR-38, 39) (RR-Exhibit C-2), or half of the funds in the bank, or half of the value of the house and land, would have been more than sufficient to pay for the cost of probating said last will and testament. This evidence as presented negates the position of Mr. Morrison Hammack, Jr., that he didn't have money to probate the will.

If we review the case of the *ESTATE OF EVERETT H. ROTHROCK DECEASED, 312 S.W.3d 271 (2010)*, rendered by the Court of Appeals out of Tyler, you will find that the Court of Appeals upheld the Trial Court's order denying the application to probate the will as a Muniment of Title. The Trial Court, and the Court of Appeals found that Mr. Jerry E. Rothrock was in default for failing to probate his father's will within the statutory period. Mr. Jerry E. Rothrock testified that he made investigations but never talked to anyone else about the property owned by Everett H. Rothrock Deceased, at the time of his death. Mr. Jerry Rothrock was also considered a very successful lawyer in Washington D.C. (by his own admission) and that half of his practice dealt with oil and gas law. He was charged with knowledge that the will should have been

8

admitted to probate. The Court discussed the standard of review on appeal, and the applicable law which is Section 73a of the Texas Probate Code, which is now Section 256.003 of the Texas Estates Code hereinbefore quoted. His only testimony was concerning a mistake of fact, and that was held to be insufficient.

There are numerous cases cited under the Rothrock case that can be read by the Court, as the Court desires. However, the Rothrock case stands for the proposition that a person having custody of will is charged with knowledge that it must be filed for probate within the statutory time, in order to rely upon it, whether the necessity for doing so is apparent to him or not. The Court further discusses that "one purpose of the probate limitations statute is to impose a reasonable limit on the time in which the property of a person dying testate should be distributed among his legatees, after payment of his debts." The Court further defines default, as is defined in the statute, and the burden of proof upon the person presenting the will for probate after four years. The Court further discussed the fact that family agreements not to probate a will about which they had knowledge are not sufficient to excuse non-compliance with the four year limitation of the probate code in which to seek the probate of a will.

The authorities presented in support of their contentions that had been decided by the Courts of this State are as follows:

A. *In Re Estate of Campbell, 343 SW3d 889—(Ct. Appls-Amarillo-2011),* in which the Court sustain the finding of no default, but set forth the principal which is also set forth in *Schindler*, post, that a person having custody of the will is charged with the knowledge that the will must be filed for probate within the statutory time. The evidence in this proceeding shows that Mr. Hammack had custody of the will and knew of its contents.

9

B.   *Brown V. Byrd, 512 SW2d 753—(Ct. Appls-Tyler-1974),* held that neither of the granddaughters reliance upon a family agreement regarding the Estate, her ignorance of the law, nor the difficulty she would incur in probating the will, excused the delay in failing to file the will for probate within four (4) years after the death of the Deceased. In this case we have a plea of ignorance of the law only, which is negated by this case holding. The supposed monetary difficulty presented in this case apparently is imaginary only, due to the value of the assets of the Estate.

C.   *In the Estate of Ruby Fowler Cornes, 175 SW3d 491—(Ct. Appls-Beaumont-2005),* again, an Appellate Court has stated that reliance upon a family oral agreement, to spare the feelings a survivor, was not enough to excuse a failure to file a will for probate within four (4) years. This case also defines "default" as used in the Texas Estates Code, Section 256.003, formerly Section 73 of the Texas Probate Code.

D.   *In the case of Orr V. Walker, 438 SW3d 766—(Ct. Appls-Houston-2014),* the Court defines "default", and further states the test for sufficiency of evidence is any finding that is based upon evidence that would cause reasonable and fair-minded people to reach the same verdict, or would reach a contrary verdict. This same standard is set forth in *Schindler*, post.

E.   *Schindler V. Schindler, 119 SW3d 923—(Ct. Appls-Dallas-2003),* presents again the standard for review of legal and factual insufficiency of evidence to support a Court's finding that the Applicant of a will file for probate after four (4) years after the date of death of the Decedent, was not in default.

F. *Estate of Cordelia Williams, Deceased, 111 SW3d 259—(Ct. Appls-Texarkana-2003),* sets forth the standard of review of conclusions of law to the Trial Court, in that same are to be reviewed by the Appellate Court de novo. Although there are findings of the fact, apparently supporting the conclusion of law adhered to by the Trial Court, the Court "cherry-picked" the facts, and <u>refused</u> to make findings of fact or conclusions of law as additional findings of fact and conclusions of law as requested by Contestants.

I find no cases were the Trial Court has <u>absolutely refused</u> to make findings of fact and conclusions of law, by its act of volition, even though the failure to make such findings on time may have occurred by a negligence or indifference. Therefore, it's a contention that any conclusions of law, made by the Trial Court, should be reviewed de novo, and that no presumption should arise by the Courts voluntary refusal to make findings of facts and conclusions of law.

## CONCLUSION

From the evidence presented at trial, a Trial Court should have entered an Order Denying the Probate of the Last Will and Testament of Willie Sue Hammack, Deceased, finding that Morrison Hammack, Jr., was in default for failing to produce the will for probate within four (4) years after the date of the death of said Willie Sue Hammack, Deceased. Ignorance of the law is no excuse, as has been set forth in one of the cases sited herein. Further there is ample evidence that there were assets of value in the Estate of Willie Sue Hammack, Deceased, that would have funded the cost of probate. In addition, it should be pointed out that no testimony was offered by the Applicant as to the cost to probate, nor did he ever inquire of the approximate cost to probate a last will and testament in a Probate Court. The evidence presented is legally and factually insufficient to support the Order of Court, authorizing the probate of said last will and testament.

## PRAYER

For the reason stated in this Brief, the Contestant ask the Court to reverse the Trial Court's Order Admitting Will to Probate as a Muniment of Title entered in this proceedings on June 25, 2015 (CR 56-57).

Respectfully submitted,

**MINTON & BROWN, PLLC**
Attorneys at Law
134 N. Marshall Street
P. O. Box 1688
Henderson, Texas 75653-1688
(903) 657-3543
(903) 657-3545 Fax
Email: mintonbrown@suddenlinkmail.com

**BY:** **/s/ Robert M. Minton**
ROBERT M. MINTON
Attorney for Appellant
Bar Card #14195000

## CERTIFICATE OF SERVICE

I certify that on **November 25, 2015**, a true and correct copy of **Appellant's Brief** was served on **Christopher C. Hughes** electronically at **chughes@fairchildlawfirm.com** and the electronic transmission was reported as complete.

**/s/ Robert M. Minton**
ROBERT M. MINTON
E-mail:mintonbrown@suddenlinkmail.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the **Appellant's Brief**, except for the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as set out in Tex. R. App. P.9.4(i)(1), hereby contains the total of **3,065** words.

Respectfully submitted,

**MINTON & BROWN, PLLC**
Attorneys at Law
134 N. Marshall Street
P. O. Box 1688
Henderson, Texas 75653-1688
(903) 657-3543
(903) 657-3545 Fax
Email: mintonbrown@suddenlinkmail.com

**BY:** **/s/ Robert M. Minton**
ROBERT M. MINTON
Attorney for Appellant
Bar Card #14195000

14