ACCEPTED
12-15-00246-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/29/2015 2:24:05 PM
Pam Estes
CLERK

**DOCKET NO. 12-15-00246-CV**

_____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/29/2015 2:24:05 PM

PAM ESTES
Clerk

**IN THE
TWELFTH COURT of APPEALS
OF TEXAS
at Tyler**

_____

**In the Matter of the Estate of Willie Sue Hammack, Deceased**

**LARRY GENE MARSH, BILLIE MARIE BUCKLEY, DEBORAH SUE STUART,
AND
TERRY LYN MARSH,
Appellants,
v.
ESTATE OF WILLIE SUE HAMMACK BY MORRISON HAMMACK, JR.,
Appellee.**

_____

Appeal in Cause No. PB1412226
From the County Court at Law, Nacogdoches County, Texas
The Honorable Jack Sinz, Judge

_____

**BRIEF FOR APPELLEE ESTATE OF WILLIE SUE HAMMACK BY
MORRISON HAMMACK, JR.,**

## I. Identity of Parties, Counsel and Trial Court

**APPELLEE / APPLICANT**

ESTATE OF WILLIE SUE HAMMACK BY MORRISON HAMMACK, JR.

**COUNSEL FOR APPELLEE / TRIAL COUNSEL FOR APPLICANT**

Christopher C. Hughes
1801 North St.
Nacogdoches, Texas 75963
Tex. Bar No. 24074452
Ph: (936)-569-2327Fax: (936)-569-7932
Email: chughes@chugheslaw.com

Russell R. Smith
1801 North St.
Nacogdoches, Texas 75963
Tex. Bar No. 24074452
Ph: (936)-569-2327Fax: (936)-569-7932
Email: rsmith@fairchildlawfirm.com

**APPELLANTS / CONTESTANTS**

LARRY GENE MARSH
BILLIE MARIE BUCKLEY
DEBORAH SUE STUART, AND
TERRY LYN MARSH

**COUNSEL FOR APPELLANTS / CONTESTANTS**

**TRIAL COUNSEL:**
Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P.O. Box 1688
Henderson, Texas 75653
Ph: 903-657-3543
Fax: 903-657-3545
Email: mintonbrown@suddenlinkmail.com

**APPELLATE COUNSEL:**
Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P.O. Box 1688
Henderson, Texas 75653
Ph: 903-657-3543
Fax: 903-657-3545
Email: mintonbrown@suddenlinkmail.com

**TRIAL COURT**

The Honorable Jack Sinz
County Court at Law
Nacogdoches County, Texas

## II.  Table of Contents

I.  Identity of Parties and Counsel ................................................................................. 2

II.  Table of Contents ...................................................................................................... 4

III.  Index of Authorities ................................................................................................. 5

IV.  Statement of the Case .............................................................................................. 1

V.  Issues Presented ........................................................................................................ 7

VI.  Statement of Facts ................................................................................................... 9

VII. Summary of the Argument ...................................................................................... 10

VIII. Argument ............................................................................................................... 11

IX.  Conclusion/Prayer .................................................................................................. 21

## III. Index of Authorities

## **Cases**

*In re Estate of Allen*, 407 S.W.3d 335, (Tex. App. Eastland 2013) ......................... 11,12,13

*In re Estate of Perez,* 324 S.W.3d 257, 262 (Tex. App.—El Paso 2010, no pet.)….….…11

*In re Estate of Cornes*, 175 S.W.3d 491, 495 (Tex. App.—Beaumont 2005, no pet.)……………………………………………………………………..11,17,19

*Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. den'd)…11,19

*Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ……………………………………………………………………...11,12,14

*Kamoos v. Woodward*, 570 S.W.2d 6, 8-9 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.)……………………………………………………………...12,13,14,18

*Estate of Everett H. Rothrock Deceased*, 312 S.W. 3d 271 (2010)…………………...17,18

*In Re Estate of Campbell*, 343 S.W.3d 899 (Tex. App. Amarillo, 2011)........................... 18

*Brown v. Byrd,* 512 S.W.2d 753 (Tex. Civ. App. Tyler, 1974)………………………..18,19

*Orr v. Walker*, 438 S.W.3d 766 (Tex. App. Houston-1st Dist., 2014). ............................... 19

*In Re Estate of Williams,* 111 S.W. 3d 259 (Tex. App. Texarkana, 2003)………………..20

## **Statutes**

Texas Estate Code 256.003.............................................................................................. 11

## IV. Statement of the Case

This is an Appeal from the Order Admitting Will to Probate as Muniment of Title. Entered by the County Court at Law of Nacogdoches County, Texas, of a Will filed more than four years after the death of the Testatrix. The evidence at the Trial Court was factually and legally sufficient to support the Judgment of the Court, finding that Applicant, Morrison Hammack, Jr. was not in default for failing to present the will for probate within four years of the date of death of Testatrix.

## V. Issues Presented for Review

Appellant presented the following issues for review:

1. The evidence supporting the Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four years of the date of death of Decedent was factually insufficient, (CR-56, CR 74-75).

2. The Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four years of the date of Decedent's death was so against the great weight and preponderance of the evidence as to be manifestly unjust, (CR-56, CR 74-75).

3. The evidence supporting the Trial Court's finding that the Applicant was not in default for failing to present the will for probate within four years of the date of death of Decedent was legally insufficient, (CR-56, CR 74-75).

DOCKET NO.  12-15-00246-CV

_____

IN THE
TWELFTH COURT of APPEALS
OF TEXAS
at Tyler
_____


In the Matter of the Estate of Willie Sue Hammack, Deceased


LARRY GENE MARSH, BILLIE MARIE BUCKLEY, DEBORAH SUE STUART,
AND
TERRY LYN MARSH,
Appellants,
v.
ESTATE OF WILLIE SUE HAMMACK BY MORRISON HAMMACK, JR.,
Appellee.


_____


Appeal in Cause No. PB1412226
From the County Court at Law, Nacogdoches County, Texas
The Honorable Jack Sinz, Judge

_____


BRIEF FOR APPELLEE ESTATE OF WILLIE SUE HAMMACK BY
MORRISON HAMMACK, JR.,

---

TO THE HONORABLE COURT OF APPEALS:

The Trial Court's Order Admitting Will to Probate as Muniment of Title entered on June 25, 2015 should be affirmed.

## Statement of Facts

1. This is an Appeal from an Order Admitting Will to Probate as Muniment of Title. (CR-56). Willie Sue Hammack passed away on July 2, 2006 in Nacogdoches County. Morrison Hammack, Jr. was the husband of Willie Sue Hammack at the time of her death. Willie Sue Hammack left a valid will dated April 2, 1986, which was never revoked. (CR-17). Morrison Hammack, Jr. was named as Independent Executor in the will. Generally, the will provided for the transfer of Willie Sue Hammack's separate property to her children from a prior marriage. Additionally, the will provided for the residue of Willie Sue Hammack's estate to pass to Morrison Hammack, Jr. Morrison Hammack, Jr. was unaware of the necessity to probate the will nor did he know there was a statute of limitations. Morrison Hammack, Jr. became aware of the necessity to probate the will in May 2014, when attempting to sell his house. He subsequently retained counsel and then filed an Application for Probate of Will as Muniment of Title with the County Court at Law in Nacogdoches County, Texas on July 17, 2014, in order to remedy the title issues. (CR-8). Contestants Larry Gene Marsh, Billie Marie Buckley, Deborah Sue Stuart, and Terry Lyn Marsh filed their Contest to Probate of Last Will and Testament of Willie Sue Hammack, and Codicils (if any) on July 31, 2014, on grounds that the will could not be probated due to the passing of the statute of limitations. (CR-26). Contestants filed their contest despite the concession that it was Willie Sue Hammack's wishes for the residue of the estate to pass to Morrison Hammack, Jr. (RR-49-50). As such, this case is motivated by Appellants attempts to subvert the intentions of Willie Sue Hammack and prevent Morrison Hammack Jr. from inheriting by and through the will.

9

## Summary of the Argument

The Trial Court correctly determined and the evidence legally and factually supports that Morrison Hammack, Jr. was not in default for failing to probate the will of Willie Sue Hammack within four years of her death. The Trial Court correctly determined and the evidence shows that there was good cause to explain the failure of Morrison Hammack, Jr. to present the will for probate within four years from the date of Willie Sue Hammack's death.

<u>Argument</u>

Appellee hereby responds to the issues presented for review by Appellant. Appellee's reply points can all be covered at one time and in one argument to avoid duplication of same. Appellee's reply points to the issues presented for review by Appellant are as follows:

A. **The evidence supporting the Trial Court's finding that Applicant was not in default was legally and factually sufficient. The Trial Court's finding that Applicant was not in default for failing to present the will for probate within 4 years of the date of Decedent's death was not against the great weight and preponderance of the evidence. The arguments supporting same are as follows**:

   1. The Texas Estates Code provides for the following as it relates to the probate of a will: "A will may not be admitted to probate after the fourth anniversary of the testator's death **unless it is shown by proof that the applicant for the probate of the will was not in default** in failing to present the will for probate on or before the fourth anniversary of the testator's death." Tex. Est. Code 256.003(a) (emphasis added). A long line of Texas case law has determined that ""default" means the "failure to probate a will because of the absence of reasonable diligence on the part of the party offering the instrument."" See *In re Estate of Allen*, 407 S.W.3d 335, (Tex. App. Eastland 2013); *In re Estate of Perez*, 324 S.W.3d 257, 262 (Tex. App.—El Paso 2010, no pet.); *In re Estate of Cornes*, 175 S.W.3d 491, 495 (Tex. App.—Beaumont 2005, no pet.); *Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. den'd); *Chovanec v.*

11

*Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ);

*Kamoos v. Woodward*, 570 S.W.2d 6, 8-9 (Tex. Civ. App.—San Antonio 1978,

writ ref'd n.r.e.).

2. Similarly, "The case law in Texas is quite liberal in permitting a will to be offered

   as a muniment of title after the statute of limitations has expired upon the

   showing of an excuse by the proponent for the failure to offer the will earlier."

   *In re Estate of Allen*, 407 S.W.3d 335; *Chovanec*, 881 S.W.2d at 137; *Kamoos*,

   570 S.W.2d at 8. Furthermore, "[t]he tendency of our courts has been from its

   earliest decisions to permit wills to be filed after the four-year period, where

   there is any evidence of a probative force which would excuse the failure to offer

   the will sooner." *In re Estate of Allen*, at 335.

3. "The court in *Chovanec*, reversing a summary judgment, held that the evidence

   raised a genuine issue of material fact as to whether the decedent's husband was

   in default for failing to timely offer her will for probate within four years of her

   death; he offered the will for probate **thirteen** years after her death. The court

   reasoned that the summary judgment evidence showed that the husband <u>was not</u>

   <u>aware</u> that it was necessary to probate the will, that <u>he did not believe</u> probate

   was necessary <u>because he inherited everything from his wife</u>, that he believed

   the land was his separate property, and that he was <u>unaware of any title problems</u>

   during a period when three successive mineral leases had been executed on the

   land" *In re Estate of Allen*, 407 S.W.3d 335; *Chovanec*, 881 S.W.2d 135.

4. *"Kamoos* stands for the proposition that a proponent's <u>belief that probate was unnecessary</u>, coupled <u>with a concern over the cost of probate</u>, can constitute legally and factually sufficient evidence to support admitting a will to probate after four years" *In re Estate of Allen*, 407 S.W.3d 335; *Kamoos*, 570 S.W.2d at 8-9.

5. "Similar to the facts in *Kamoos*, the court in *Perez* found that the <u>wife's limited financial resources</u> and <u>belief that probate was unnecessary</u> were legally sufficient to uphold the trial court's conclusion that the wife was not in default for failing to present the will for probate within four years after her husband's death. She testified that she did not know that there was a time limit in which to probate a will and that she thought her husband's lawyer had taken care of the matter regarding the will." *In re Estate of Allen*, 407 S.W.3d 335; *Perez*, 324 S.W.3d at 263.

6. In this case, Morrison Hammack, Jr. was not in default according to the case law outlined above. According to Morrison Hammack, Jr.'s deposition testimony, he (1) did not know he was supposed to do anything with his wife's will (RR-11 through 12); (2) did not know what probate means (RR-17); (3) did not know there was a time limit to file the will (RR-12); (4) thought everything had been done as far as the will goes (RR-12); (5) did not have the money to file the will even if he had known to do so (RR-12); (6) only filed the will because he needed to clear up title issues to sell his house (RR-12); and (7) he hired an attorney to

13

file the will almost immediately after he learned the will must be filed (RR-12 through 13).

7.  As such, the evidence supporting the Trial Court's finding that Applicant was not in default was legally and factually sufficient. Additionally, the Trial Court's finding that Applicant was not in default for failing to present the will for probate within 4 years of the date of Decedent's death was not against the great weight and preponderance of the evidence.

## B. Rebuttal of Appellant's argument and suggestions as to ability of Morrison Hammack, Jr.'s financial ability.

1.  At trial and here, Appellants have focused almost wholly on disproving Appellee's contention that he lacked the financial resources to proceed with probating the will even if he had been aware that probate was necessary. However, Appellee points out that the financial consideration is only a piece of the reasoning behind the holding in *Kamoos*. *Kamoos*, 570 S.W.2d at 8-9. In a very similar factual scenario, the Court in *Chovanec* said a fact issue existed because the proponent was "not aware that it was necessary to probate the will, but also that he did not believe probate was necessary because he inherited everything from his wife and he believed the land was his separate property. [Proponent] also was unaware of any title problems during a period when three successive mineral leases had been executed on the land. When [proponent] realized there may be title problems, he immediately offered the will for probate." *Chovanec*, 881 S.W.2d at 137. The same scenario existed here. There was a fact

14

issue as to whether Appellee was in default and the Trial Court properly determined based upon the evidence that Appellee was not in default. Appellant's attempts to show that Appellee had the financial capability to proceed with probate are 1) lacking based on the evidence, and 2) not persuasive even if found to be true based upon the relevant case law. However, in an effort to thoroughly address all of Appellant's points, rebuttal arguments are outlined below.

2. Appellants make reference in their brief to Appellee's testimony regarding "money in account in the bank" (Appellant's Brief page 7). In particular, Mr. Minton's question to Appellee was "Did you-all have any money in the bank or any accounts in the bank at the time of her death?" (RR-20). Mr. Minton failed to specify whether his question was inquiring as to 1) money in the bank or 2) accounts in the bank. (RR-20).  Nevertheless, the record does not reflect any evidence or testimony concerning 1) the amount in the bank account (although Appellee was asked (RR-20-21)); or 2) the type of account. For example, if the account was a payable on death account and payable to John Doe upon the death of Willie Sue Hammack, Mr. Hammack would not have had the benefit of the funds in said account to use for the probate of the will. Hypothetically, if the account had a balance of $5.00 upon the death of Willie Sue Hammack, Mr. Hammack again would not have been in possession of financial resources necessary to proceed with the probate of the will.

3. Next, Appellants make reference Appellee's testimony concerning his community property interest in the home he occupied with his late wife. Appellants argument that Appellee had sufficient funds to pay for the probate process seems disingenuous to the extent Appellants insinuate that Appellee should have sold the home he occupied to liquidate his one-half community property interest in order to probate the will in which his wife devised her one-half community property interest in the home to Appellee. In short, these are not funds that Appellee should have been expected to liquidate to probate a will that he did not know needed to be probated.

4. Thirdly, Appellees refer to testimony concerning the value of the estate (Appellant's Brief page 7). As discussed above, estate assets are not funds that Appellee should have been expected to liquidate to probate a will that he did not know needed to be probated. Because there were no issues surrounding the distribution of separate property remaining, Mr. Hammack only became aware of the necessity for probate when trying to sell the only substantial asset remaining in the estate, the home. According to the will, this property was to pass to Mr. Hammack. (CR-19).

5. Lastly, Appellants generally refer to testimony from Mr. Marsh concerning accounts of Mr. and Mrs. Hammack (Appellant's Brief page 8). Appellants make reference to testimony from Mr. Marsh concerning the balance of accounts of Mr. and Mrs. Hammack's approximately two years and two strokes prior to Mrs. Hammack's death. Of course, the record reflects no evidence of the balances on

16

the accounts upon the death of Mrs. Hammack. Similarly, the record reflects no evidence concerning the amounts that were necessary to be expended from the accounts to pay for medical care of Mrs. Hammack. Lastly, the record reflects no evidence concerning the types of the accounts and/or their disposition upon the death of Mr. and Mrs. Hammack. Again, Appellant's arguments as to the financial ability of Appellee are lacking and futile.

C. **Appellants' case law references are not on point. A detailed analysis of each main case referenced by Appellants to support their position is outlined below with a brief explanation as to why each case is not applicable and/or not persuasive.**

1. *Estate of Everett H. Rothrock Deceased*, 312 S.W. 3d 271 (2010). There are numerous issues that are immediately clear when reviewing this case. In *Rothrock,* the children of the deceased ***chose*** and ***agreed*** not to probate the will within the four-year time period. *Id. At 273*. Rather, the proponent requested and received two cameras from the deceased's estate. *Id.* Proponent testified that he performed an investigation into decedent's property holdings. See generally, *Id.* He also testified that he was a very successful lawyer in Washington D.C. *Id.* One would think this would provide him with both the knowledge of the necessity to probate and the finances with which to do so. Upon analysis, the Court stated "[a] family agreement is not sufficient to excuse Jerry's noncompliance with the four-year limitation. *See In re Estate of Cornes***,** 175 S.W.3d at 496. In other words, Jerry cannot rely on the agreement with his five siblings as an excuse for noncompliance with the statutory period and for making

17

what was, in hindsight, the wrong decision." *Id* at 275. The main difference between *Rothrock* and this case is that there was a conscious decision by the parties in *Rothrock* to not probate the will. Here, Appellee did not know probate was necessary and did not make a conscious decision to not probate the will. In fact, upon his learning that probate was necessary, he immediately commenced the process. In short, *Rothrock* is not analogous to this case.

2. *In Re Estate of Campbell*, 343 S.W.3d 899 (Tex. App. Amarillo, 2011). Appellants point out that *Campbell* cites language indicating that a person is charged with knowledge that a will must be filed for probate within four years. However, Appellants omitted the Court in *Campbell*'s next sentence which states "*[b]ut see <u>Kamoos v. Woodward</u>, 570 S.W.2d 6, 8-9 (Tex.App.--San Antonio 1978, writ ref'd n.r.e.)* (holding that proponent of will was not in default for failing to present the will for probate within four years of the testator's death where due to the nature of the property of which she was aware and her limited resources, she didn't think it necessary to probate the will). *In Re Estate of Campbell*, 343 S.W.3d 899, 903 (Tex. App. Amarillo, 2011). As such, *Campbell* is not persuasive in the case at hand.

3. *Brown v. Byrd,* 512 S.W.2d 753 (Tex. Civ. App. Tyler, 1974). In this 1974 case, the proponent offered the will for probate 27 years after the death of the decedent. Additionally, the holding in the *Byrd* case seemed to be reasoned around circumstances surrounding a family agreement during the years after the decedent's death. Moreover, the proponent in Byrd said it would have been hard

18

to travel from California to Texas to probate the will. *Id* at 755. Although it is an excuse, it does not appear to be a reasonable excuse. In the case at hand, Appellee's reasoning for not having probated the will within four years run deeper than inconveniences of travel. As such, the facts of the *Byrd* case do not match with the facts of the case at hand. Moreover, the *Byrd* case is another example (as in *Rothrock*) of the failure to probate the will contingent upon a peripheral family agreement. Conversely, in the case at hand, Appellee had no discussions or knowledge surrounding the probate of the will until immediately before the filing in the trial court. *Byrd* is not persuasive.

4. *In Re Estate of Ruby Fowler Cornes,* 175 S.W.3d 491 (Tex. App. Beaumont, 2005). The *Cornes* case is off target as it relates to Appellants' argument. In *Cornes*, the proponent's only excuse for not offering the will for probate within the four years was "out of respect" for the relatives. *Id* at 495. First, in this case, there is a multitude of evidence supporting the Trial Court's ruling that Appellee was not in default for failing to probate the will within four years. Secondly, the testimony in *Cornes* again represents a conscious decision to not probate the will. Such a decision was not a factor in the case at hand. *Cornes* is not persuasive.

5. *Orr v. Walker*, 438 S.W.3d 766 (Tex. App. Houston-1st Dist., 2014). The *Walker* case is not on point merely for the fact that upon a reading of the case it is clear that the proponents did not offer an excuse for the failure to file the within the requisite four-year time period. Therefore, the Court held that the applicants were in default. The fact scenario is completely different in the case at hand

19

because Appellee proffered evidence supporting an excuse for not filing the will within the four-year time period. The *Walker* case does not stand for any proposition in contradiction to Appellee's argument.

6. *Schindler v. Schindler,* 119 S.W.3d (Tex. App. Dallas, 2003). Again, Appellants' reference to the *Schindler* case is off target and is not analogous to the case at hand. Some of the parties in *Schindler* were devisees of persons who were found to be in default. The parties that were found to be in default were labelled such because there was no evidence of an excuse. Similarly, other parties were found to be in default because they presented no evidence tending to support not being in default. *Id* at 930. Wholly, the *Schindler* case is not persuasive and/or analogous to the case at hand.

7. *In Re Estate of Williams,* 111 S.W. 3d 259 (Tex. App. Texarkana, 2003). The *Williams* case is yet another example of the proponent not offering an excuse or evidence of not being in default for failure to offer the will within four years of the death of the decedent. Again, the *Williams* case is not relevant to the case at hand because, as cited above, the evidence in this case is clear that Appellee had multiple reasonable excuses for not offering the will to probate within 4 years of the death of Mrs. Hammack and therefore the Trial Court properly found that he was not in default.

## X. CONCLUSION

From the evidence presented at trial, the Trial Court properly found the following: 1) Appellee was not in default for failing to probate the will within four years from the date of Willie Sue Hammack's death, 2) there was good cause to explain the failure of Appellee to present the will for probate within four years after the death of Willie Sue Hammack. As such, the Trial Court properly admitted the will as a muniment of title. The evidence supporting the Trial Court's finding that Applicant was not in default was legally and factually sufficient. The Trial Court's finding that Applicant was not in default for failing to present the will for probate within four years of the date of Willie Sue Hammack's death was not against the great weight and preponderance of the evidence.

## XI.  PRAYER

WHEREFORE PREMISES CONSIDERED, Appellee prays that this Court uphold and affirm the Trial Court's Order Admitting Will to Probate as Muniment of Title and also prays for all other and further relief which may, under the circumstances shown, be required.

Respectfully Submitted,

**FAIRCHILD, PRICE, HALEY & SMITH, LLP**

By: /s/ Christopher C. Hughes
    Christopher C. Hughes
    State Bar No. 24074452
    Russell R. Smith
    State Bar No. 18682310
    1801 North St.
    Nacogdoches, Texas 75935-1719
    (936) 564-8785 phone

21

(936) 559-5000 fax
chughes@chugheslaw.com


## CERTIFICATE OF SERVICE

In compliance with Rule 21a, Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all attorneys of record on this the 29th day of **December, 2015** by one and/or more of the following methods: (1) depositing said instrument in a post office or official depository under the care and custody of the United States Postal Service, postage prepaid, certified mail, return receipt requested, or first class mail; (2) telephonic transfer to recipient's current telecopier number, or (3) hand delivered.


/s/ Christopher C. Hughes
Christopher C. Hughes

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the Appellee's Brief, except for the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certification of compliance, and appendix, as set out in Tex. R. App. P. 9.4(i)(1), hereby contains the total of 3,297 words.

Respectfully Submitted,

**FAIRCHILD, PRICE, HALEY & SMITH, LLP**

By: /s/ Christopher C. Hughes
    Christopher C. Hughes
    State Bar No. 24074452
    1801 North St.
    Nacogdoches, Texas 75935-1719
    (936) 564-8785 phone
    (936) 559-5000 fax
    chughes@chugheslaw.com