**Affirmed and Majority and Concurring Opinions filed September 19, 2017.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00648-CV

---

### LINDA FERREIRA, Appellant

### V.

### DOUGLAS W. BUTLER AND DEBRA L. BUTLER, Appellees

---

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 441962**

---

## C O N C U R R I N G   O P I N I O N

I join the majority opinion with a complementary observation. Our holding today, in addition to being compelled by *Faris*, reflects and effectuates a deliberate and considered legislative policy choice to prioritize timely resolution of estates over the specific intentions of any particular testator. That choice is the legislature's to make, and it is our duty to interpret and apply legislative acts "to achieve, not frustrate, the object sought to be attained by the legislature in enacting the statute." *Beeman v. Livingston*, 468 S.W.3d 534, 541 (Tex. 2015) (quoting *Tex. Workers'*

*Comp. Comm'n v. Cont'l Cas. Co.*, 83 S.W.3d 901, 905 (Tex. App.—Austin 2002, no pet.)). As the majority states, one such object of the statute at issue is to impose a reasonable limit on the time in which the property of a person dying testate should be distributed among his legatees, after payment of debts. *In re Estate of Rothrock*, 312 S.W.3d 271, 274-75 (Tex. App.—Tyler 2010, no pet.); *Hodge v. Taylor*, 87 S.W.2d 533, 535 (Tex. Civ. App.—Fort Worth 1935, writ dism'd). Linda's argument, to be sure, would preserve the intent of Patricia's will—a result many may consider satisfyingly equitable. Nonetheless, accepting Linda's view would effectively nullify the legislative balancing of interests inherent in Texas Estates Code section 256.003(a). A devisee who fails to take appropriate action within the four year limit to probate a will does so at his or her peril. The consequences of that course of action can be potentially significant, as this case illustrates, when a devisee also passes having taken no steps to probate the will within the statutory time frame. In that instance, the ability of the devisee's devisee to prove a lack of default by the original devisee may be, in some cases, impaired if not altogether eliminated.

/s/    Kevin Jewell
Justice

Panel consists of Justices Christopher, Busby, and Jewell (Busby, J., majority) (Christopher, J., concurring).